**Ruth S. PIERCE et al.**

v.

**Noel C. GOODMAN, M.D. and William H. Leschey, M.D.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 18, 1995.

Decided Oct. 6, 1995.

Mary B. Devine, Zuckerman, Avaunt & Devine, Gray, for Plaintiffs.

David C. Norman, Norman, Hanson & Detroy, Portland, James G. Goggin, Verrill &· Dana, Portland, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and LIPEZ, JJ.

GLASSMAN, Justice.

In this case involving the claims of Ruth S. Pierce and Theodore R. Pierce against Noel C. Goodman, M.D. and William H. Leschey, M.D., .the Superior Court (Cumberland County, *Bradford, J.*) granted the motion of the defendants, pursuant to M.R.Civ.P. 72(c),[1] to report this case for our determina-

---

**1.** The rule states:

If the court is of the opinion that a question of law involved in an interlocutory order or ruling made by it in any action in the Superior Court ought to be determined by the Law Court before any further proceedings are taken therein, it may on motion of the aggrieved party report the case to the Law Court for that purpose and stay all further proceedings except such as are necessary to preserve the

tion of a question of law involved in an interlocutory ruling made by the court. The question presented is whether the court erred as a matter of law by denying the defendants' motion for a summary judgment in their favor on the ground that the plaintiffs' claims were barred by the three-year period of limitation set forth in 24 M.R.S.A. § 2902 (1990).[2] The court based its denial on its determination that the record before it presented a genuine issue as to the material fact of whether Ruth Pierce was mentally ill during the time period at issue thereby tolling the period of limitation pursuant to 14 M.R.S.A. § 853 (1980 & Supp.1994).[3]

Because the record reflects that there are genuine issues of fact to be determined, and accordingly there is no question of law presented, the report was improvidently granted and we discharge the report. *See* M.R.Civ.P. 56(c) (a party is entitled to a summary judgment only on showing that there is no genuine issue as to any material fact and the party is entitled to judgment as a matter of law). *See also Jenness v. Nickerson*, 637 A.2d 1152, 1154 (Me.1994) (any doubt that party seeking summary judgment has not met burden of clearly establishing no genuine issue of material fact resolved against that party and opposing party given benefit of any inferences that can be reasonably drawn from the evidence).

The entry is:

Report discharged. Remanded for further proceedings.

All concurring.

rights of the parties without making any decision therein.
M.R.Civ.P. 72(c).

2. Section 2902 provides, in pertinent part:
    Actions for professional negligence shall be commenced within 3 years after the cause of action accrues. For the purposes of this section, a cause of action accrues on the date of the act or omission giving rise to the injury. 24 M.R.S.A. § 2902.

3. Section 853 provides, in pertinent part:

If a person entitled to bring [an action] ... under ... Title 24, section 2902 is ... mentally ill ... when the cause of action accrues, the action may be brought within the times limited herein after the disability is removed.
14 M.R.S.A. § 853 (1980 & Supp.1994). *See also McAfee v. Cole*, 637 A.2d 463, 466 (Me.1994) ("Mental illness under the tolling statute refers to an *overall inability* to function in society that prevents plaintiffs from pursuing their legal rights.").