2009 ME 129

## NORTH STAR CAPITAL ACQUISITION, LLC

v.

## Peter J. VICTOR.

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 23, 2009.

Decided: Dec. 22, 2009.

Peter J. Victor, Ellsworth, ME, pro se.

Adam J. Bean, Esq., Susan J. Szwed, P.A., Portland, ME, for North Star Capital Acquisitions, LLC.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and JABAR, JJ.

ALEXANDER, J.

[¶ 1]   Peter J. Victor appeals from the summary judgment entered by the District Court (Ellsworth, *Staples, J.*) awarding sums due for unpaid principal and interest on a credit card account to North Star Capital Acquisition, LLC, as assignee of Capital One Bank. Victor contends that he sufficiently opposed North Star's motion for summary judgment and that North Star failed to demonstrate the amount it was owed or even its ownership of the account.[1]   Because disputes remain as to material facts regarding the terms of the credit card account and its assignment to North Star, we vacate the summary judgment.

I.   CASE HISTORY

[¶ 2]   North Star, asserting that it is the assignee of Capital One Bank, filed an action against Victor in August 2008 seeking principal and interest on an unpaid credit card balance. The complaint stated that the last payment on the account was made in August 2003 and that after that payment there was an unpaid balance of $1108.50. The complaint also asserted interest due in the amount of $1207.28 as of August 2008.

[¶ 3]   After Victor answered and a period of discovery, North Star filed a motion for summary judgment. The motion was supported by a statement of material facts that, in turn, was supported by an affidavit of a North Star agent indicating that Victor owed $1108.50 in principal on the account as of May 20, 2003,[2] and that, additionally, in accordance with the credit card agreement, he owed interest in the amount of $1207.28. The affidavit had attached to it an account summary document that appeared to be the front and back of the credit card bill of late May 2003. North Star's statement of material facts and the material in support of it did not include copies of or reference to either (1) original or amended documents that led to the creation of the credit card account, or (2) documentation or other proof of the assignment of the note, account, or balance due thereon from Capital One to North Star.

[¶ 4]   In his response to the motion for summary judgment, Victor stated that he had requested the documents establishing the original credit card account and its current ownership and that North Star had failed to provide such documents in response to his request for discovery or in

---

1.   Victor also claims in his notice of appeal a violation of various laws relating to credit card transactions and that the action was commenced outside the statute of limitations. These contentions are without merit, and we do not discuss them further. Additionally, because Victor failed to argue or develop these issues in his brief, they are deemed abandoned. *See Holland v. Sebunya,* 2000 ME 160, ¶ 9 n. 6, 759 A.2d 205, 209.

2.   The affidavit stated that, as of May 20, 2003, Victor owed $1150.82, but was due a credit of $42.32, leaving a balance of $1108.50.

support of its motion for summary judgment. Victor then stated that there were disputes of material facts regarding the principal balance, the interest due, and the total amount due. Victor provided an extensive affidavit essentially asserting the complete lack of proof of the original account documents or any proof of assignment to North Star. His affidavit and statement of facts in opposition sufficiently tracked and responded to North Star's statement of material facts and, therefore, raised a dispute regarding North Star's ownership of the account and the amount due.

[¶ 5] North Star responded in a brief memorandum, stating that Victor's opposition to the motion for summary judgment was insufficient because, among other things, Victor had not inserted numbers before each of the responsive paragraphs.[3] North Star made no effort, in response to Victor's opposition, to provide documentation of the terms of the credit card loan agreement or proof of its ownership of the debt.

[¶ 6] The court granted the motion for summary judgment, concluding that Victor had failed to sufficiently oppose the motion. Victor filed a timely appeal.

## II. LEGAL ANALYSIS

[¶ 7] While Victor's response to the North Star motion for summary judgment was not a perfect one, it does quote specific claims in the North Star statement of material facts and then indicates that those claims are denied and why. Further, those denials are supported by an affidavit, although the affidavit is not cited in Victor's opposing statement of material facts.

██ [¶ 8] Whether or not there has been sufficient compliance with the requirements of Rule 56(h)(2) is a close question in this case. North Star is the plaintiff; it has the ultimate burden of proof. *See generally Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897, 902. When the plaintiff is the moving party on a motion for summary judgment, the plaintiff has the burden to demonstrate that each element of its claim is established without dispute as to material fact within the summary judgment record. *See Deutsche Bank Nat'l Trust Co. v. Raggiani*, 2009 ME 120, ¶¶ 6–7, 985 A.2d 1, 3; *Pierce v. Goodman*, 665 A.2d 1004, 1005 (Me.1995). We review the entry of summary judgment de novo, "viewing the evidence in the parties' statements of material facts and any record references therein in the light most favorable to" Victor, as the party against whom judgment was entered, and "draw all reasonable inferences" in his favor. *See Watt*, 2009 ME 47, ¶ 21, 969 A.2d at 902 (quotation marks omitted).

[¶ 9] Here, Victor's opposition to North Star's motion sufficiently placed in issue at least the terms, conditions, and interest rates of the Capital One credit card agreement and its assignment to North Star. The burden of demonstrating a lack of dispute of material facts on those issues then shifted to North Star.

██ [¶ 10] Neither in the summary judgment record nor in the filings in sup-

---

**3.** North Star also noted that Victor failed to provide cross-references to statements in the affidavit. Such a failure may be fatal to a response if it requires the opposing party or the court to search for supporting facts. Here, however, Victor's responsive statement sufficiently tracked his affidavit such that the moving party could identify the dispute with absolutely no difficulty or document searching. Nor was the trial court compelled to search for evidence of opposing facts or search outside the summary judgment record. *See Deutsche Bank Nat'l Trust Co. v. Raggiani*, 2009 ME 120, ¶ 7, 985 A.2d 1, 3.

port of its motion for summary judgment did North Star provide any documentation or other proof of the original loan, the terms and conditions of the original loan, or its assignment to North Star. These materials were not included or referenced, even in North Star's response to Victor's opposition to summary judgment, after North Star was on notice that Victor asserted there were factual disputes about these issues. Thus, the summary judgment record did not support North Star's claim that it was the assignee of the loan and did not disclose the terms and conditions of that loan. *See Deutsche Bank Nat'l Trust Co.*, 2009 ME 120, ¶ 6, 985 A.2d at 3.

[¶ 11] Victor's denial of the statements about these facts in the North Star statement of material facts sufficiently complied with Rule 56(h)(2) and, therefore, the facts asserted in that statement cannot be deemed admitted. *See id.* ¶ 8. Because factual disputes remain on these issues, the summary judgment entered by the court must be vacated.

The entry is:

Judgment vacated. Remanded to the District Court for further proceedings in accordance with this opinion. No costs to either party on appeal.