2011 ME 82

**KONDAUR CAPITAL CORPORATION**

v.

**Eric HANKINS et al.**

Supreme Judicial Court of Maine.

Argued: June 14, 2011.
Decided: July 19, 2011.

Daniel J. Murphy, Esq. (orally), Bernstein Shur, Portland, ME, for Eric Hankins and Martha Hankins.

William B. Jordan, Esq. (orally), Shapiro & Morley, LLC, South Portland, ME, for Kondaur Capital Corporation.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

LEVY, J.

[¶ 1] Martha Hankins appeals from a summary judgment entered in the District Court (Ellsworth, *Dobson, J.*) in favor of Kondaur Capital Corporation in a foreclosure action. She argues that (1) substitution of Kondaur as the named plaintiff was improper because the original plaintiff did not have standing to bring the action; and (2) entry of a summary judgment was error because the record does not establish the essential elements of a foreclosure action without dispute as to several material facts. We vacate the summary judgment.

## I. BACKGROUND

[¶ 2] The following facts, viewed in the light most favorable to Martha, the non-prevailing party, are established in the summary judgment record. *N. Star Capital Acquisition, LLC v. Victor*, 2009 ME 129, ¶ 8, 984 A.2d 1278, 1280.

[¶ 3] In November 2005, Eric Hankins executed a promissory note for the principal amount of $151,300 to Option One Mortgage Corporation. Attached to the note is an allonge that bears the same date as the note. The allonge is indorsed by a secretary of Option One, and "Kondaur Capital Corporation" is entered as the payee.

[¶ 4] As security for the note, Eric and Martha Hankins, as "Borrower," executed a mortgage on their residence in Surry, Maine, in favor of Option One, as "Lender." One of the mortgage covenants provides, "[This document] may be modified or amended only by an agreement in writing signed by Borrower and Lender." The note does not contain a modification provision.

[¶ 5] In October 2006, Option One assigned the "mortgage and the note and claim secured thereby to Deutsche Bank

National Trust Company." A "Loan Modification Agreement," amending and supplementing the Hankinses' mortgage and note, was executed in April 2007 "between Eric Hankins and Martha Hankins ('Borrower') and Liquidation Properties, Inc. ('Lender')." The Loan Modification Agreement changed the principal amount and the interest rate of the note. In September 2007, Eric stopped making payments on the note.

[¶ 6] Liquidation Properties filed a complaint for foreclosure against the Hankinses and other parties in interest in February 2009. Martha filed an answer.

[¶ 7] In June 2009, Deutsche Bank assigned to Liquidation Properties the

mortgage, securing the payment of a certain promissory note(s) for the sum listed below, together with all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such mortgage.

Liquidation Properties assigned the mortgage to Kondaur in February 2010 "together with the note or notes therein described." In March 2010, Liquidation Properties moved pursuant to M.R. Civ. P. 17(a) and 25(c) to substitute Kondaur as the named plaintiff in this case. Without objection from either Martha or Eric Hankins, in May 2010, the court (*Staples, J.*) granted the motion.

[¶ 8] In June 2010, Kondaur moved for a summary judgment, alleging that the Hankinses owed $206,238.08 on the note and mortgage. The Hankinses did not respond to the summary judgment motion. The court (*Dobson, J.*) found that there was "no genuine issue as to any material fact," and it entered summary judgment in favor of Kondaur. Martha timely appealed.

## II. DISCUSSION

### A. Standing and Substitution of Parties

[¶ 9] Martha contends that because Liquidation Properties did not have standing when it filed its complaint, the summary judgment should be vacated and the case dismissed. She also argues that the court abused its discretion when it substituted Kondaur as the named party because the proper plaintiff was not difficult to determine, the filing of this complaint without standing was not an understandable mistake, and substitution of Kondaur altered the factual allegations in the action.

[¶ 10] We review the issue of a party's standing de novo. *JPMorgan Chase Bank v. Harp*, 2011 ME 5, ¶ 7, 10 A.3d 718, 719. A party may raise the issue at any time, including during an appeal. *Id.* "In order to enforce a debt obligation secured by a mortgage and note, a party must be in possession of the note." *Mortg. Elec. Registration Sys., Inc. v. Saunders*, 2010 ME 79, ¶ 12, 2 A.3d 289, 296. If a plaintiff lacks standing, then, in certain circumstances, the real party in interest may be substituted as the plaintiff. M.R. Civ. P. 17(a); *Harp*, 2011 ME 5, ¶ 12, 10 A.3d at 720.

[¶ 11] As reflected in the summary judgment record, when the complaint was filed in February 2009, Liquidation Properties did not hold the note or the mortgage. Liquidation Properties did not allege in its complaint or amended complaint that it held the note. Absent an interest in the note, Liquidation Properties did not have standing to commence this foreclosure action. *See Saunders*, 2010 ME 79, ¶ 15, 2 A.3d at 297.

[¶ 12] We next consider whether substitution of Kondaur for Liquidation Properties was proper pursuant to M.R.

Civ. P. 17(a). *See Harp*, 2011 ME 5, ¶ 12, 10 A.3d at 720; *Saunders*, 2010 ME 79, ¶ 16, 2 A.3d at 297. Substitution of plaintiffs is proper "when the correct party is difficult to determine or an understandable mistake has been made and the substitution does not alter in any way the factual allegations pertaining to events or participants involved in the suit." *Saunders*, 2010 ME 79, ¶ 18, 2 A.3d at 298 (alteration omitted) (quotation marks omitted); *Tisdale v. Rawson*, 2003 ME 68, ¶ 17, 822 A.2d 1136, 1141.

[¶ 13] In *Saunders*, a foreclosure action was commenced by Mortgage Electronic Registration Systems (MERS), an entity that had limited rights to the mortgage as a nominee for the lender, but lacked standing to foreclose because it did not have an interest in the note. 2010 ME 79, ¶¶ 10, 15, 2 A.3d at 295, 297. Noting that we had not previously addressed MERS's standing to foreclose, we concluded that it was an understandable mistake for MERS to file the foreclosure action when it did not have standing. *Id.* ¶ 19, 2 A.3d at 298. Accordingly, we discerned no abuse of discretion in the Rule 17(a) substitution of the bank that held the note and the mortgage for MERS. *Id.* ¶ 19, 2 A.3d at 299; *see also Harp*, 2011 ME 5, ¶¶ 9, 12, 10 A.3d at 719–20 (suggesting that a bank's premature filing of a foreclosure action when it owned the note, but not the mortgage, could have been an understandable mistake justifying substitution of parties).

[¶ 14] This case is different. When Liquidation Properties commenced this foreclosure action in February 2009, it had no interest in either the note or the mortgage. Because it would not have been difficult for Liquidation Properties to de-termine, through the exercise of due diligence, that it did not have standing to foreclose, the premature filing of this action was not an understandable mistake that would justify substitution of parties pursuant to Rule 17(a).[1] The Rule was not intended to provide relief from careless errors regarding matters as fundamental as this. *See* 2 Charles Harvey, *Maine Civil Practice* § 17:1 at 522 (3d ed.2011); Fed. R.Civ.P. 17(a) advisory committee's note to 1966 amend.; 6A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1555 (2010) ("the rule should be applied only to cases in which substitution of the real party in interest is necessary to avoid injustice"); Sherman L. Cohn, *The New Federal Rules of Civil Procedure*, 54 Geo. L.J. 1204, 1238 (1966).

[¶ 15] Nevertheless, because the Hankinses did not challenge the motion to substitute in the trial court and Martha challenges the substitution for the first time on appeal, the issue is unpreserved and we conduct obvious error review for "a seriously prejudicial error tending to produce a manifest injustice." *Dupuis v. Soucy*, 2011 ME 2, ¶ 27 n. 12, 11 A.3d 318, 325 (quotation marks omitted). Here, substituting Kondaur, the ostensible proper party, as the named plaintiff did not alter the underlying allegations of this foreclosure action or tend to produce a manifest injustice. We discern no obvious error.

## B. Summary Judgment

[¶ 16] Martha also contends that the summary judgment record contains a number of defects that preclude the entry of a summary judgment. She challenges whether (1) the loan modification is valid;

---

1. Furthermore, the signature of an attorney on a pleading represents a "belief [that] there is good ground to support it." M.R. Civ. P. 11(a) (providing for sanctions against a party that signs a pleading "with intent to defeat the purpose of this rule").

(2) Kondaur's affiant was competent to testify regarding the business records in support of the summary judgment motion; (3) the documents in support of the summary judgment motion are sworn or certified as required by M.R. Civ. P. 56(e); (4) the note was properly assigned to Kondaur; (5) Kondaur owns the note and mortgage; and (6) the notice of default was proper.

[¶ 17]   We review the entry of a summary judgment de novo, viewing the evidence provided in the statement of material facts and the accompanying record references in the light most favorable to the nonprevailing party and drawing all reasonable inferences in that party's favor. *N. Star Capital Acquisition,* 2009 ME 129, ¶ 8, 984 A.2d at 1280.   Even if the nonmoving party does not oppose the motion, a plaintiff moving for summary judgment "has the ultimate burden of proof" and must "demonstrate that each element of its claim is established without dispute as to material fact within the summary judgment record." *Id.; Cach, LLC v. Kulas,* 2011 ME 70, ¶ 9, 21 A.3d 1015, 1018.

[¶ 18]   Martha argues that Liquidation Properties did not have authority to enter into the Loan Modification Agreement affecting the mortgage because, at the time of the agreement, it was not the "Lender" as required by the terms of the mortgage.

[¶ 19]   We review the meaning of a contract de novo and interpret an unambiguous provision according to the plain meaning of its terms. *Camden Nat'l Bank v. S.S. Navigation Co.,* 2010 ME 29, ¶ 16, 991 A.2d 800, 804.   Here, a covenant of the mortgage provides, "[This document] may be modified or amended only by an agreement in writing signed by Borrower and Lender."   The mortgage defines the "Borrower" to be Eric Hankins and Martha Hankins, and the "Lender" to be Option One.   The Loan Modification Agreement was made between the Hankinses and Liquidation Properties in April 2007; however, at that time, Deutsche Bank held the mortgage by virtue of an assignment of the mortgage from Option One in October 2006.   Deutsche Bank did not assign the mortgage to Liquidation Properties until June 2009.

[¶ 20]   The language of the covenant governing modification of the mortgage is unambiguous.   It requires any modification to be made by written agreement signed by the Borrower *and* the Lender. The Lender, Option One, assigned its interest in the mortgage to Deutsche Bank in October 2006.   Therefore, when the Loan Modification Agreement was executed in April 2007, Deutsche Bank was the Lender with respect to the mortgage.   At that time, pursuant to the terms of the mortgage, only the Hankinses and Deutsche Bank could have modified the mortgage.   As a result, there are genuine issues of fact as to whether the Loan Modification Agreement is valid and, if not, how that invalidity affects the amounts due on the mortgage or, perhaps, whether that invalidity was cured by express or implied ratification of the parties, operation of estoppel, or some other legal theory.   *See Wilkins v. Waldo Lumber Co.,* 130 Me. 5, 11–13, 153 A. 191, 194 (1931).

[¶ 21]   These issues of fact are material and preclude the entry of a summary judgment because, in a motion for summary judgment, a foreclosing plaintiff is required to provide evidence of "the existence of the mortgage" and "the amount due on the mortgage note." *Chase Home Fin. LLC v. Higgins,* 2009 ME 136, ¶ 11, 985 A.2d 508, 510–11; M.R. Civ. P. 56(j).   Here, Kondaur has moved to enforce the mortgage as affected by the Loan Modification Agreement and has

stated amounts due under the note and the mortgage as modified. Because Kondaur has not established these elements without dispute as to material fact, it is not entitled to judgment as a matter of law. *See N. Star Capital Acquisition,* 2009 ME 129, ¶¶ 8, 11, 984 A.2d at 1280–81; M.R. Civ. P. 56(c), (j).

[¶ 22] We need not address Martha's remaining arguments.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.