STATE OF MAINE

Sagadahoc, ss.

R.A. CUMMINGS, INC. d/b/a
AUBURN CONCRETE and
AUBURN CONCRETE

        Plaintiffs

v.

THE INHABITANTS OF THE
TOWN OF WEST BATH

        Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-09-031
*A M lr S.tG - 1/25/2012*

## DECISION AND ORDER

The Defendant, Town of West Bath, moves for partial summary judgment on counts I, III and IV of the Plaintiffs' Complaint. The Defendant has filed a Statement of Material Facts and Affidavit of Pamela A. Hile in support of its motion. The Plaintiffs filed a Memorandum in opposition and Responses to Defendant's Statements of Material Fact on December 12, 2011. In response, the Defendant filed a Reply Memorandum, a Reply to Plaintiffs' Response to the Statements of Material Fact, a Motion to Allow Supplemental Affidavit and the Supplemental Affidavit of Pamela Hile on December 30, 2011. On January 10, 2010, the Plaintiffs filed an Opposition to the Defendant's Motion to Allow Supplemental Affidavit and a Second Opposition to Defendant's Motion for Partial Summary Judgment. The Second Opposition is beyond what is permitted to be filed in opposition by the applicable rule, at least without leave of court, and cannot be considered.

1

## BACKGROUND

The Town of West Bath owns a certain parcel of real property on Arthur Reno, Sr. Road in West Bath, identified as Lot 9 on Town Tax Map R1. (Def. SMF ¶ 2.) Located on this property is a waste transfer facility, a recycling building formerly used to store sand and salt, and a new shed used to store salt and sand for road maintenance purposes. (Def. SMF ¶¶ 4-5.)

R.A. Cummings, Inc. and Auburn Concrete (the "Plaintiffs") are Maine corporations. (Compl. ¶¶ 1-2.) R.A. Cummings purchased a parcel of property on Arthur Reno, Sr. Road in West Bath in June of 2004. (Compl. ¶ 3.) This parcel is directly across the Arthur Reno, Sr. Road from the Town's property described above. (Compl. ¶ 8.) The Plaintiffs operate a concrete batch plant on this site. (Compl. ¶ 4-5.) The operation of the concrete batch plant requires large amounts of water and, as the parcel does not have access to the public water supply, the Plaintiffs rely entirely on private wells to provide the necessary water for the plant's operations. (Compl. ¶ 7.)

The Plaintiffs allege that the Town's storage of road salt on the property across the Arthur Reno, Sr. Road from the Plaintiffs' property and the Town's road maintenance activities on Arthur Reno, Sr. Road have contaminated their ground water wells, thus destroying the private water supply and rendering the water unfit for human consumption. (Compl. ¶¶ 10-11.) The Plaintiffs sent a Notice of Claim dated July 9, 2008 to the Town of West Bath. (Def. SMF ¶ 23.) The Plaintiffs then filed their four count Complaint on July 6, 2009.

## DISCUSSION

The Defendant argues that it is entitled to judgment as a matter of law both because the Plaintiffs failed to meet the deadlines of the Maine Tort Claims Act for serving a notice of claim and filing an action. *See* 14 M.R.S. §§ 8107(1), 8110.

*Summary Judgment Standard*

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). In considering a motion for summary judgment, the court should view the facts in the light most favorable to the non-moving party, and the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99, ¶ 8, 800 A.2d 702.

The parties' Rule 56(h) statements must be adequately supported by a record citation setting forth the facts as would be admissible at trial. If statements are not adequately supported, the court may disregard them. *See* M.R. Civ. P. 56(h)(4). Rule 56(h) requires a party that is opposing a motion for summary judgment to support any qualifications or denials of the moving party's statement of material facts with record citations. *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 6, 770 A.2d 653. The Law Court has noted recently that "strict adherence" to the requirements of the rule is necessary. *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 12, 21 A.3d 1015.

*The Maine Tort Claims Act*

The Law Court abrogated the common law doctrine of sovereign immunity in *Davis v. Bath*, 364 A.2d 1269 (Me. 1976). In 1977, the Maine Tort Claims Act ("MTCA"), 14 M.R.S. §§ 8101-8118 (2011), was passed, creating statutory immunity for the state and its political subdivisions from liability for damages stemming from tort liability, except as "expressly provided by statute." 14 M.R.S. § 8103. These exceptions are to be narrowly construed. *Lightfoot v. Sch. Admin. Dist. #35*, 2003 ME 24, ¶ 7, 816 A.2d 63. The MTCA specifies four areas where immunity is removed (subject to the exceptions contained in 14 M.R.S. § 8104-B): 1) negligent acts or omissions in the

3

ownership, maintenance, or use of vehicles, machinery, and equipment; 2) negligent acts or omissions in the construction, operation, or maintenance of any public building or appurtenances to any public building (also including unimproved land, historic sites, land associated with public outdoor recreation, and dams); 3) negligent acts or omissions in the discharge of pollutants when the discharge is sudden and accidental; and 4) negligent acts or omissions in the construction, street cleaning, or repair of highways, town ways, sidewalks, parking areas, causeways, bridges, or airport runways or taxiways. The statute conspicuously does not exclude intentional torts from the scope of immunity. 14 M.R.S § 8104-A.

When the statute does remove immunity for a certain action, a claimant must comply with the procedural aspects of the MTCA. 14 M.R.S. § 8103. Section 8107(1) requires that the claimant provide notice to the government entity detailing the nature of the claim and the extent of injury, among other information, within 180 days of the accrual of the claim or cause of action. Section 8110 requires that the complaint be filed within two years of the accrual of the cause of action.

A cause of action accrues "when a plaintiff receive[s] a judicially recognizable injury." *McLaughlin v. Superintending Sch. Comm. of Lincolnville*, 2003 ME 14, ¶ 22, 832 A.2d 782. That is, accrual occurs at the point at which an injured person may seek judicial adjudication of his or her rights. *Id.* Failure to comply with the procedural requirements of the statute bars the claim. 14 M.R.S §§ 8107(4), 8110.

*Notice and Limitations Period as to Negligence Claim*

The Defendant also argues that the Plaintiffs failed to substantially comply with the notice requirements in 14 M.R.S.§ 8107(1), thus prohibiting the filing the cause of action, because the Plaintiffs were aware of elevated chloride levels in the well water as of April 2005. (Def. Mem. 6-7.) The Defendant also asserts that, by virtue of Joel

4

Cummings's attendance and participation at the April 30, 2007 Town Selectmen's meeting, the Plaintiffs were aware of the contamination and believed that the Town was the source of the salt intrusion. (Def. Mem. 8-9.) Thus, according to the Defendant, the Notice of Claim should have been served no later than October 27, 2007 and, because the Notice of Claim was not received until July 11, 2008, it was untimely. (Def. Mem. 7.) Assuming the claim accrued by no later than April 30, 2007, the Complaint should have been filed by April 30, 2009. (Def. Mem. 9.) The Complaint was filed on July 6, 2009. (Def. Mem. 9.)

The Plaintiffs' opposition to the motion argues that the Defendant's Statements of Material Fact are not properly supported by the record citations. The Plaintiffs challenge the support offered by the Hile Affidavit and cite to several technical failures in her testimony, including the extent of Ms. Hile's personal knowledge of the facts, whether she can establish the authenticity of the documents attached, and the admissibility of the facts presented. (*See* Pl. Opp. 4-11; Pl. Resp. SMF ¶¶ 1-30.)

The Plaintiffs argue that the Defendant has not established that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law because the averments in its Statement of Material Facts are not supported by record citations. (*See* Pl. Opp. 4-11.)[1]

Assuming that the Plaintiffs' cause of action accrued when they were on notice of chloride contamination of their water supply by the Town's salt stockpile and road maintenance,[2] the Defendant has failed to present admissible evidence establishing that

---

[1] Plaintiffs also contend that the Notice of Claim and commencement of this action were timely because their injury is the result of a continuing tort and that the injunctive relief sought is not barred by the doctrine of sovereign immunity. (Pl. Opp. 11-16.). The court deems it unnecessary to reach these further arguments for the reasons articulated in the Order.

[2] The Defendant states that it "would contend that Auburn Concrete 'sustained harm to a protected interest' at the first indication of alleged elevated chloride levels, given the intended

the Plaintiffs' cause of action accrued at a time that renders its Notice of Claim and this action untimely, and thus, has not established that there is no genuine issue of material fact for purposes of Rule 56.[3]

The Defendant offers four pieces of evidence demonstrating that the Plaintiffs had knowledge of the contamination and the Town's role in causing it early enough to cause their Notice of Claim to have been untimely. As discussed below, each piece of evidence is either inadmissible in the form presented by the Defendant, or does not establish facts as the Defendant suggests.

First, the Defendant states that the Plaintiff had notice of the contamination and the Town's role in causing it in April of 2005 because of the "drill logs" kept by Goodwin Well & Water, Inc. (Def. SMF ¶¶ 10-13.) These paragraphs of the Statements of Material Fact cite to paragraphs 15 through 18 of the Hile Affidavit. The affidavit relies on Exhibit H, the "drill logs" themselves, for the information contained in these paragraphs. The "drill logs" were provided to the Defendant as an attachment to the Plaintiffs' Answers to the First Set of Interrogatories.[4] (Supp. Aff. ¶ 8.) Regardless of the authenticity of the logs and Ms. Hile's personal knowledge of their contents, the drill logs are offered to establish the truth of their contents and are hearsay. Ms. Hile is unable to lay the foundation for any exception to the hearsay rule for the logs to be admitted through her. Although the logs may have been provided in

_____

use of the water to manufacture concrete." (Def. Mem. 6.) However, the Defendant has not established that the level of contamination in 2005 was such as to generate the cause of action. Specifically, it is not clear from the Defendant's Statement of Material Facts whether the water was non-potable in April of 2005 or whether it could still be used in the manufacture of concrete or even if the chloride levels were high enough for the Plaintiffs to suspect non-natural contamination.

[3] The court allows the Defendant's motion to supplement the Affidavit of Pamela Hile. Furthermore, as the Plaintiffs do not challenge the authenticity of the documents, just the affiant's ability to establish authenticity, the court is not concerned with the fact that the Defendant has not authenticated the documents produced by the Plaintiffs. In her original affidavit, Ms. Hile states that the logs were obtained in response to a request for production of documents. (Hile Aff. ¶¶ 15-16.) That does not make them admissible in evidence.

response to interrogatories, and answers to interrogatories themselves are admissible as party admissions, documents attached to answers do not automatically become admissible.

Second, the Defendant states that the report by Michael Abbot, which summarized the water quality issues, provided notice to the Plaintiffs that the wells were contaminated at the time of drilling in 2005. (Def. SMF ¶ 14.) The contents of this document are also hearsay;[5] any statement contained therein suggesting that the Plaintiffs had knowledge of the contamination and the Town's role in causing it is inadmissible, absent an exception, and Defendant has not shown that has any exception applies.

Moreover, even were the Plaintiffs' receipt of this report taken to put them on notice of the contamination and the Town's role in causing it, the report is dated October 15, 2008, after the Plaintiffs had submitted their Notice of Claim to the Defendant.

Third, the Defendant suggests that the Plaintiffs had notice of the contamination and reason to believe that the Town was responsible for the contamination as evidenced by statements made during a Town Meeting held in April 2007. (Def. SMF ¶¶ 17-19.) These Statements of Material Fact cite to paragraphs 22 through 24 of the Hile Affidavit for support; those paragraphs in turn rely on the minutes of the meeting submitted in Exhibit K. Again, absent an exception to the hearsay rule the contents of this document are hearsay. The Defendant appears to offer this document under the public records exception, which excludes:

---

[5] In fact, the facts cited in this report (the measured contamination at the time of drilling) are hearsay within hearsay because the report relies on the Goodwin Well & Water, Inc. drilling logs.

records, reports, statements, or data compilations in any form of a public office or agency setting forth its regularly conducted and regularly recorded activities or matters observed pursuant to a duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.

M.R. Evid. 803(8).

Even assuming this document is a public record for purposes of the hearsay exception,[6] the court's consideration of the document is limited to those parts referenced in the Statements of Material Fact. The relevant statements of fact only indicate that Joel Cummings, a representative of Auburn Concrete, attended the meeting and stated that "[c]hloride water is not suitable for mixing concrete." (Def. SMF ¶¶ 17-18.)

Paragraph 19 of the Statement of Material Facts states that the meeting minutes reflect that Auburn Concrete "thought the Town was allegedly responsible for the chloride contamination." This is an inference drawn from the contents of the meeting minutes, because the minutes themselves do not quote Mr. Cummings as saying that. Factual conclusions as to the contents of otherwise admissible documents are not proper testimony for an affiant and should not be relied on by a movant. *See Portland Water Dist. v. Town of Standish*, 2005 Me. Super. LEXIS 154, *9 (Nov. 14, 2005) (*citing Town of Orient v. Dwyer*, 490 A.2d 660, 662 (Me. 1985).

Moreover, inferences from the admissible evidence are to be construed *against* the moving party in the summary judgment context. *North Star Capital Acquisition*, 2009 ME 129, ¶ 8, 984 A.2d at 1280.

Lastly, the Defendant, in paragraphs 15 and 16 of the Statements of Material Fact, indicates that a letter from Ike Goodwin of Goodwin Well & Water, Inc. to Rod

---

[6] This exception to the hearsay rule does not appear to require any kind of foundational testimony as is required by the business records exception in M.R. Evid. 803(6). Field & Murray, *Maine Evidence* § 803.8 at 495 (6th ed. 2007).

8

Cummings, that was "made available to the Town," indicates that the Plaintiffs had actual notice of the contamination and the Town's role in causing it prior to April 16, 2007. (*See* Def. SMF ¶¶ 15-16.) These two paragraphs cite to paragraphs 20 and 21 of the Hile Affidavit, which in turn cite to Exhibit I, a copy of the letter. Ms. Hile does not indicate how the Town obtained a copy of the letter and she does not lay any foundation for this letter to be admissible evidence either as a business record or a public record.[7] Therefore, the contents of the letter are inadmissible.

While much of what the Defendant offers as support for its Statements of Material Facts is evidence that *could be* admissible, and if admitted, could certainly support the Town's position, the Affidavit and Supplemental Affidavit of Pamela Hile are themselves not sufficient. The Defendant has not put before the court properly supported Rule 56(h) statements sufficient to show that the Plaintiffs' notice and complaint were untimely.

Because the Defendant's Motion for Partial Summary Judgment, viewed in a light most favorable to the Plaintiffs as it must be under Rule 56, does not establish that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law, it is denied. However, this Order does not preclude the Town from raising the same issues before the Referee. In light of this outcome, the court does not need to consider the parties' remaining contentions.

IT IS ORDERED AS FOLLOWS:

(1) The Defendant's Motion for Partial Summary Judgment is DENIED.

---

[7] It is possible that, with an adequate evidentiary foundation, the letter could be considered an admission by a party opponent under M.R. Evid. 801(d)(2)(B). However, facts sufficient to lay the foundation required by that rule have not been put before the court and the document has thus not been removed from the scope of the hearsay rule or brought within any exception.

(2) This case shall proceed and be determined by Referee in accordance with this court's January 3, 2012 order. The court assumes the reference can be completed within six months, if not sooner, given that the action has been pending since 2009 and discovery should be complete. Any further discovery and proceedings are within the Referee's discretion.

(3) The Clerk will schedule the case for a telephonic status conference in July 2012.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this order by reference in the docket.

DATE: 25 January 2012

A. M. Horton
Justice, Superior Court

10

R.A. CUMMINGS, INC DBA AUBURN CONCRETE - PLAINTIFF
PO BOX 1747
AUBURN ME 04210
Attorney for: R.A. CUMMINGS, INC DBA AUBURN CONCRETE
ROBERT LASKOFF  - RETAINED
LASKOFF & ASSOCIATES
103 PARK ST
PO BOX 7206
LEWISTON ME 04243-7206


AUBURN CONCRETE - PLAINTIFF

Attorney for: AUBURN CONCRETE
ROBERT LASKOFF  - RETAINED
LASKOFF & ASSOCIATES
103 PARK ST
PO BOX 7206
LEWISTON ME 04243-7206


vs
THE INHABITANTS OF THE TOWN OF WEST BATH - DEFENDANT

Attorney for: THE INHABITANTS OF THE TOWN OF WEST BATH
ROGER THERRIAULT  - RETAINED
LAW OFFICE OF ROGER THERRIAULT
48 FRONT STREET
BATH ME 04530

Attorney for: THE INHABITANTS OF THE TOWN OF WEST BATH
MICHAEL E THERRIAULT  - RETAINED 07/23/2009
LAW OFFICE OF ROGER THERRIAULT
48 FRONT STREET
BATH ME 04530

SUPERIOR COURT
SAGADAHOC, ss.
Docket No  BATSC-CV-2009-00031


**DOCKET RECORD**