171-12    Mc✓

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-11-324

TD BANK, N.A. f/k/a
TD BANKNORTH, N.A.

      Plaintiff,

v.

NORTHERN IRON WORKS, INC.,
MARC ARESNAULT and CHARLES
MALATESTA,

      Defendants,



STATE OF MAINE
Cumberland ss Clerk's Office
FEB 01 2012
RECEIVED

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the court is the plaintiff's Motion for Summary Judgment <u>only</u> against defendant, Northern Iron Works. The motion was filed on December 19, 2011. Northern Iron Works has not filed any opposition.

### BACKGROUND

On April 24, 2008, TD Bank, N.A. ("TD" or "Plaintiff") entered into three separate loan transactions with the defendant, Northern Iron Works ("Northern" or "Defendant"). In the first transaction, Northern borrowed $551,205.00, as evidenced by and subject to the terms of a certain promissory note ("First 2008 Note"). (SMF ¶ 2.) In the second transaction, Northern borrowed $810,000.00, also evidenced by and subject to the terms of another promissory note ("Second 2008 Note"). (SMF ¶ 3.) In the third transaction, Northern executed and delivered a "Revolving Demand Note" to TD to secure up to $500,000.00 in revolving credit ("Third 2008 Note"). (SMF ¶ 4.) On July 9, 2009, Northern

1

borrowed $200,000.00, as evidenced by and subject to the terms of a certain promissory note ("2009 Note"). (SMF ¶ 5.)

Each of these promissory notes (the "Notes") requires Northern to repay the loans in accordance with their terms. Northern is in default on the Notes because it has failed to make one or more payments owning. (SMF ¶ 6.) On September 8, 2010, the Plaintiff provided Northern with notices of default and demanded immediate payment in full of all amounts due, pursuant to the terms of the Notes. (SMF ¶ 7.) Northern has failed to make the required payments. (SMF ¶ 8.)

The Plaintiff filed this Complaint on July 21, 2011 against Northern, the borrower, and against Arsenault and Malatesta as guarantors of the debt. The defendants filed and Answer on August 12, 2011 providing a general denial of the entire Complaint.[1] This matter has been stayed as to defendants Arsenault and Malatesta under 11 U.S.C. § 342 because Arsenault and Malatesta have filed petitions for relief under Chapter 7 of the United States Bankruptcy Code. Therefore, the Plaintiff's Motion for Summary Judgment has only been asserted may only proceed against Northern.

## DISCUSSION

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). In considering a motion for summary judgment, the court should view the facts in the light most favorable to the non-moving party, and the court is required to consider only the portions of the record referred to and the

---

[1] The Answer purports to be the answer of Northern, Arsenault, and Malatesta. However, only Arsenault and Malatesta have stated a denial of all "Allegations and Counts" in the Complaint. The court has treated this Answer as being effective for Northern as well.

2

material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99, ¶ 8, 800 A.2d 702. When a plaintiff is the moving party, the plaintiff has the burden of establishing each element of its claim without dispute as to material fact within the summary judgment record. *N. Star Capital Acquisition, LLC v. Victor*, 2009 ME 129, ¶ 8, 984 A.2d 1278.

The underlying claim against Northern on each of the Notes is breach of contract. In order to prevail on a breach of contract claim, the plaintiff must prove (1) breach of a material term of the contract; (2) causation; and (3) damages. *Me. Energy Recovery Co. v. United Steel Structures, Inc.*, 1999 ME 31, ¶ 7, 724 A.2d 1248.

The Plaintiff has properly submitted statements of fact lending support to the conclusion that the first and second elements of its claim have been established. However, the statement of damages is not fully supported by the summary judgment record. The Plaintiff states the effective interests rates on each note as follows: "First 2008 Note – 11.18%, Second 2008 Note – 11.41%, Third 2008 Note – 9.00% and 2009 Note – 6.00%." (SMF ¶ 10.) However, the support for these figures is lacking in a few respects.

The Plaintiff explains that the default interest rate is equal to the rate stated in each note and accrues from the day of the notice of default. (SMF ¶ 12.) Each note appears to set a general interest rate and then provides for an increase in the interest rate, effective upon an event of default. The First 2008 Note establishes an initial interest rate of 6.41%. (SMF Ex. A.) Exhibit A to the Statement of Material Facts only includes the first and last page of the promissory note making it impossible for the court to verify the applicable and

3

correct default interest rate.[2] The Second 2008 Note sets the initial interest rate at 6.18% and allows an increase of 5% upon an event of default. (SMF Ex. B.) This leads to an applicable interest rate of 11.18%, not 11.41% as claimed. The Third 2008 Note establishes the initial rate at 0.25% above the Wall Street Journal Prime Rate, as published from time to time. (SMF Ex. C.) The default rate is equal to the initial rate plus 5%. (Id.) The Plaintiff has not provided any information to the court through which it can verify the applicable Wall Street Journal rate used to calculate the 9.00%. Furthermore, it is unclear to the court why the Plaintiff only seeks 6.00% on the 2009 Note, as it appears that different rate is applicable. (SMF Ex. D.)

Accordingly,

the Court **ORDERS** that the Plaintiff may submit further evidence and documentation by affidavit and additional Rule 56(h) statements within 30 days of the date of this Order, to which the defendant may respond. If nothing further is received, the Motion is **DENIED**.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: January 31, 2012

Joyce A. Wheeler
Justice, Superior Court

---

[2] Despite having no obligation to search the record, M.R. Civ. P. 56(h)(4), the court examined the record for additional copies of this promissory note. Each copy only contained the first and last page.

4