STATE OF MAINE
YORK, SS.

SUPERIOR COURT
Civil Action
Docket No. CV-15-0273

HSBC BANK USA, NATIONAL
ASSOCIATION for the benefit of
ACE SECURITIES CORP. HOME
EQUITY LOAN TRUST, SERIES
2006-NC3, ASSET-BACKED PASS-
THROUGH CERTIFICATES,

Plaintiff,

v.

NEW CENTURY MORTGAGE
CORPORATION,

ORDER

Defendant,

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. as
Nominee for NEW CENTURY
MORTGAGE CORPORATION, and

RICHARD M. GENDREAU,

Parties-in-interest.

Plaintiff HSBC Bank USA, National Association for the Benefit of ACE Securities

Corp. Home Equity Loan Trust, Series 2006-NC3, Asset-Backed Pass-Through

Certificates ("HSBC") seeks a declaratory judgment pursuant to 14 M.R.S. §§ 5951-5963

(2009) to establish ownership of a mortgage on certain real property and thereby secure

its standing to enforce said mortgage in light of the requirements articulated in *Bank of*

*America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700.

## Background

Richard M. Gendreau executed a promissory note in the amount of $240,000 on

August 25, 2006 and delivered the note to New Century Mortgage Corporation ("New

Century"). The note is secured by a mortgage on real property located at 11 White

1

Pine Lane in Kennebunk, Maine. New Century assigned the mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee on the same date. The mortgage is recorded in the York County Registry of Deeds in Book 14948, Page 0842. MERS subsequently assigned the mortgage to HSBC on July 30, 2008. HSBC is also the current owner and holder of the promissory note.

Plaintiff served New Century, MERS, and Richard Gendreau with a summons and complaint in December 2015. Neither Defendant nor the Parties-in-Interest have responded or appeared. HSBC filed a "motion for quiet title and declaratory default judgment and judgment on the pleadings" on June 2, 2016.

## Conclusion

In the wake of the *Greenleaf* decision, plaintiffs in foreclosure actions have faced a number of procedural and evidentiary challenges. Even when, as here, defendants and parties-in-interest have failed to appear and defend, trial courts have been hesitant about granting a judgment by default without closely scrutinizing, and strictly adhering to, all procedural requirements. *See U.S. Bank, N.A. v. Decision One Mortg. Co., LLC et al.*, No. CV-15-65, 2016 Me. Super. LEXIS 173 (July 26, 2016); *Bank of N.Y. Mellon v. Aegis Mortg. Corp.*, No. CV-15-0212, 2016 Me. Super. LEXIS 145 (Aug. 1, 2016); *Fannie Mae v. America's Wholesale Lender*, No. RE-15-068, 2016 Me. Super. LEXIS 37 (Mar. 1, 2016); *Deutsche Bank Nat'l Trust Co. v. Decision One Mortg. Co., LLC*, No. RE-15-301, 2016 Me. Super. LEXIS 135 (Jul. 25, 2016). For the following reasons, plaintiff's motion is denied.

First, the court may not enter default judgment if plaintiff fails to submit an affidavit "setting forth facts showing that the defendant is not a person in military service as defined in the 'Service Members Civil Relief Act' of 2003." M.R. Civ. P.

2

55(b)(4).   Plaintiff did not submit such an affidavit.[1]

Second, HSBC's motion for judgment on the pleadings does not meet the requirement of the rules.   "When the plaintiff moves for judgment on the pleadings, the motion 'challenges the legal sufficiency of the answer.'"   *Temple v. DiPietro*, 2015 ME 166, ¶ 27, 130 A.3d 368 (quoting 2 Harvey, *Maine Civil Practice* § 12.14 at 432 (3d ed. 2015).   New Century has not filed a responsive pleading.   Thus, a judgment on the pleadings is inappropriate.

Third, although the court may consider a Rule 12(c) motion as one for summary judgment, it must meet the requirements enumerated in M.R. Civ. P. 56.   *See* M.R. Civ. P. 12(c).   HSBC has submitted exhibits in support of its motion for judgment on the pleadings, but the filing fails to comply with Rule 56.   M.R. Civ. P. 56 ("A motion for summary judgment shall be supported by a separate . . . statement of material fact.").   Moreover, HSBC has not provided the requisite affidavits with its motion to establish the basis for the admissibility of its exhibits, including the note and mortgage.   MR. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").   "When the plaintiff is the moving party on a motion for summary judgment, the plaintiff has the burden to demonstrate that each element of its claim is established without dispute as to material fact within the summary judgment record." *North Star Capital Acquisition, LLC v. Victor*, 2009 ME 129, ¶ 8, 984 A.2d 1278.   Because HSBC failed to demonstrate a basis for the admissibility of the documents, the court

---

[1]   Even if such an affidavit was properly filed with the request for default judgment, a hearing may still be required to establish the truth of its averments considering the nature of the rights at stake.   M.R. Civ. P. 55(b)(2), (3).

cannot find on the instant record that HSBC owns the note, let alone the mortgage.

## Order

In accordance with the foregoing, the motion for quiet title and declaratory default judgment and judgment on the pleadings/summary judgment is DENIED.

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Date: December 28, 2016

_____
Wayne R. Douglas
Justice, Maine Superior Court