STATE OF MAINE                                    SUPERIOR COURT
AROOSTOOK, ss.                                    DKT. NO. HOUDC-RE-14-11

NANCY E. VINAL,                        )
                                       )
                                       )
     Plaintiff & Counterclaim-Defendant, )
                                       )        **ORDER DENYING**
                                       )        **DEFENDANT/COUNTERCLAIM-**
                                       )        **PLAINTIFF'S PARTIAL MOTION**
v.                                     )        **FOR SUMMARY JUDGMENT**
                                       )
                                       )
WAYNE R. MAYO,                         )
                                       )
     Defendant & Counterclaim-Plaintiff. )

This case began as a quiet title action and concerns a piece of property located in Silver

Ridge Township, Aroostook County, Maine. The only remaining issue is whether or not

Plaintiff/Counterclaim-Defendant Nancy E. Vinal (hereinafter "Plaintiff" for ease of reading) has

title to the entire property, or whether Defendant/Counterclaim-Plaintiff Wayne R. Mayo

(hereinafter "Defendant" for ease of reading) owns a one-fifth interest as a tenant in common with

Plaintiff. The parties are both heirs to Anginetta McEwen, with whom title in the property

originated as it pertains to this matter.

On November 20, 2017, Defendant filed a Partial Motion for Summary Judgment on Count

I of His Counterclaim (Petition for Partition). Plaintiff, who is currently proceeding pro se in this

matter, filed an informal letter with the Court on December 7, 2017, disputing Defendant's claim

to one-fifth of the property. Despite Plaintiff's failure to respond in the form required by M.R.

Civ. P. 56, the Court does not find that Defendant carried his burden to show that there are no

genuine issues as to any material fact pertaining to his claim for one-fifth of the property.

Further, Plaintiff has strenuously relied on an April 21, 2015 Order[1] entered by Judge

---

[1] Plaintiff refers to it as a June 21, 2015 Order, but the file shows Judge O'Mara signed it on April 21, 2015. This case was transferred to the Superior Court on December 5, 2016. Although Plaintiff appears to be under the impression

1

O'Mara to argue that she was granted complete title—free and clear of any other possible claims—to the property at issue. That Order appears to be the source of much uncertainty in the case, mainly because of the non-specific nature in which it refers to the defendants that judgment was entered against. As the Order is written, it does read as Plaintiff asserts. That being said, it is clear the parties and Judge O'Mara were operating on the presumption that the Order excepted the Defendant here, despite the plain words reading otherwise. The Court has extensively reviewed the case file to establish a procedural timeline because of the convoluted nature of how the case reached its current posture. It has also listened to the audio of all available hearings that occurred before Judge O'Mara.

## PROCEDURAL HISTORY

Plaintiff filed this quiet title action on June 23, 2014, alleging that she was entitled to legal and equitable title of the property due to adverse possession and maintenance of the property since 1949. Defendant is the only heir who appeared and defended in this case, and he filed a counterclaim on August 20, 2014, asserting a right to one-fifth of the property. Plaintiff answered Defendant's counterclaim on September 5, 2014. Plaintiff then filed a motion for summary judgment on October 8, 2014, against "All Heirs, Successors, [and] Assigns of Anginetta McEwen" because they "failed to appear, plead or otherwise defend this action." The motion papers did not reference Defendant Mayo despite the fact that he clearly had appeared and defended prior to the filing of that motion for summary judgment. This appears to the Court to be an oversight for a couple of reasons.

First, on March 23, 2015, the parties appeared at a hearing before Judge O'Mara with respect to that motion for summary judgment. At the hearing, Plaintiff's attorney informed Judge

---

that this Court may not have visibility into what transpired prior to the transfer to Superior Court, the Court assures the parties that it has the entire case file, including all documents filed prior to the transfer.

O'Mara that Defendant had appeared and "[was] not included in this; we're not—we're only asking for—against the unknown in the estates right now." As a result of the hearing, Judge O'Mara determined that Plaintiff's affidavit did not sufficiently establish the facts supporting her adverse possession claim, but he granted Plaintiff twenty days to supplement her affidavit. Judge O'Mara issued a brief written order to that effect on the same day, and he made a notation that Plaintiff's summary judgment motion then at issue was "[n]ot claim v. Mayo." Second, Plaintiff filed this supplemental affidavit on April 8, 2015, and Paragraph 12 explicitly acknowledges Defendant Mayo's exception to the defaulting status of the other unknown defendants.

On April 21, 2015, Judge O'Mara signed the "Proposed Judgment" Plaintiff had submitted with her motion for summary judgment. This is evident because the word "Proposed" is crossed out with pen before the word "Judgment." Paragraph 2 states that "Defendants[] have failed to appear or defend," and paragraph 4 clearly states that the "Court awards Plaintiff, Nancy English Vinal, title to [the property] . . . free and clear of all claims of Defendants . . . ." It makes no exception for Defendant Mayo, even though it seems abundantly clear based on the record that the parties intended otherwise. To anyone reading that Order in isolation, it undoubtedly reads that Plaintiff was awarded title free and clear of all other claims. Not surprisingly, however, the case proceeded forward because the parties intended for that Order to only operate against the heirs that had not appeared in the action.

From there, Plaintiff filed a motion for summary judgment on May 13, 2016, in an attempt to obtain a judgment specifically against Defendant. Judge O'Mara denied that motion on August 2, 2016. The case was then transferred to the Superior Court on December 5, 2016, because the parties expected trial to take more than two hours. Martha Broderick, Plaintiff's former attorney for this case, filed a motion to withdraw due to a rift in the relationship between Ms. Broderick

3

and Plaintiff. This Court granted Ms. Broderick's motion to withdraw on June 19, 2017. Nothing substantive happened in the case until November 20, 2017, when Defendant filed the Motion that precipitated this Order.

## LEGAL DISCUSSION

Rule 60(a) Correction

First, the Court corrects what it finds to be a clear oversight in the April 21, 2015 Order that appears to award Plaintiff the property outright. The Rules of Civil Procedure authorize the Court to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein *arising from oversight or omission* . . . at any time of its own initiative . . . ." M.R. Civ. P. 60(a) (emphasis added). As the Procedural History section above lays out in detail, the purpose of that 2015 motion for summary judgment was to obtain a judgment against the unknown heirs who had not appeared or defended against the action. Both Plaintiff's attorney and Judge O'Mara shared an understanding that Defendant was excepted from Plaintiff's motion. However, the "Proposed Judgment" provided to Judge O'Mara that he ultimately signed did not make this exception for Defendant obvious. Instead, only the record surrounding the April 21, 2015 Order makes the intended effect apparent.

Accordingly, the April 21, 2015 Order is amended to reflect that Defendant Wayne Mayo was excepted from the entry of judgment against the other defaulted heirs because he had appeared, defended, and asserted his own claim to the property prior to the entry of that April 21 Order. The record makes it clear that the lack of exception made for Defendant in the April 21 Order was an oversight.

4

Summary Judgment

Because Defendant is the moving party on Count I of his counterclaim, he bears the burden of "demonstrat[ing] that each element of [his] claim is established without dispute as to material fact within the summary judgment record." *N. Star Capital Acquisition, LLC v. Victor*, 2009 ME 129, ¶ 8, 984 A.2d 1278 (citations omitted). The Court reviews the parties' statements of material fact and record evidence in the light most favorable to the non-moving party, Plaintiff, and grants summary judgment if it appears that there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A.2d 733. Here, Plaintiff has not responded to Defendant's Motion in the form required by M.R. Civ. P. 56. However, "[e]ven when the nonmoving party's response is inadequate, or . . . nonexistent, the moving party has the burden to show why summary judgment is appropriate . . . [and a] moving party's factual assertions may not be deemed admitted because of an improper response unless those factual assertions are properly supported." *Cote Corp. v. Kelley Earthworks, Inc.*, 2014 ME 93, ¶ 8, 97 A.3d 127.

According to the statute, any party with a tenancy in common interest may bring an action for partition. 14 M.R.S. § 6501 (2016). Defendant is entitled to partition if there is no question of fact as to Defendant's ownership interest in the property. Even though Plaintiff did not properly respond in the format required by M.R. Civ. P. 56, Plaintiff's response contests Defendant's ownership interest in the property. There is a genuine dispute of material fact here.

Further, Defendant's Statement of Material Facts with respect to his ownership interest is not properly supported. Other than the conclusory assertion that he holds a one-fifth interest as a tenant in common in the property due to a release deed given to him by his son on October 5, 2014—*after* the commencement of the litigation and assertion of his counterclaim—Defendant

5

has provided the Court with no evidence to support his statement. (Supp.'g S.M.F. ¶ 6; Mayo Aff.¶¶ 6-13; Hunt Aff. ¶ 6.) While he relies on this purported release deed, he did not provide the Court with a certified copy of this release deed as part of his supporting affidavits. *See* M.R. Civ. P. 56(e). Even if this release deed might appear elsewhere in the record, the Court is not "permitted to independently search a record to find support for facts offered by a party." Cach, LLC v. Kulas, 2011 ME 70, ¶ 10 n.3, 21 A.3d 1015 (citation omitted). Additionally, the Court has no way of knowing that Defendant's son held a one-fifth interest in the property that he could even convey to Defendant. All the Court has is Defendant's assertion.

Because there are genuine issues of material fact, the Court denies Defendant's Motion.

The entry is:

1. The April 21, 2015 Order (entered in the docket book on May 1, 2015) is hereby amended to reflect that Defendant Wayne Mayo was excepted from the entry of judgment against the other defaulted heirs because he had appeared, defended, and asserted his own claim to the property prior to the entry of that April 21 Order. The record makes it clear that the lack of exception made for Defendant in the April 21 Order was an oversight.
2. Defendant's Partial Motion for Summary Judgment on Count I of His Counterclaim (Petition for Partition) is **DENIED**.
3. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: _January 12 2018_

_____
The Hon. Harold Stewart II
Justice, Maine Superior Court

6