2012 ME 35

## The BANK OF MAINE [1]

v.

## Lewis E. HATCH III et al.

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 30, 2012.
Decided: March 13, 2012.

1. The Bank of Maine was formerly known as Savings Bank of Maine.

S. James Levis, Esq., Levis & Ingraham, PA, Saco, for appellants Lewis and Kathleen Hatch.

Wendy Paradis, Esq., Daniel J. Murphy, Esq., and Halliday Moncure, Esq., Bernstein Shur, Portland, for appellee The Bank of Maine.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SILVER, J.

[¶ 1] Lewis E. Hatch III and Kathleen Hatch appeal from a summary judgment entered in the Superior Court (Oxford County, *Clifford, J.*) in favor of The Bank of Maine on its foreclosure complaint. The Hatches challenge the foundation presented by the Bank to support the admissibility of its mortgage records pursuant to the business records exception to the hearsay rule. *See* M.R. Evid. 803(6). The Bank relied on an affidavit of its own employee to support its motion for summary judgment. Because that affidavit was adequate to establish the admissibility of the business records, we affirm the summary judgment.

## I. BACKGROUND

[¶ 2] In 2005, Lewis Hatch signed an adjustable-rate promissory note in the amount of $189,000 to Gardiner Savings Institution, FSB, which was later renamed to Savings Bank of Maine and then The Bank of Maine. Although Lewis alone signed the note, both Lewis and Kathleen Hatch secured it by mortgaging undeveloped land in Newry.

[¶ 3] The Bank filed its complaint in November 2010. In February 2011, it filed a motion for summary judgment pursuant to M.R. Civ. P. 56. The affidavit in support of the Bank's initially-filed motion erroneously asserted that both Lewis and Kathleen had signed the note. The court permitted the Bank to withdraw and refile the motion to correct the error. The Bank's statement of material facts, which was based on the Bank employee's affidavit, asserts that the notice of default stated the amount due and informed the Hatches that they were in default of the mortgage because Lewis failed to pay the amount due on the note. The notice informed the Hatches that they had the right to correct the default by "(a) full payment of all amounts that are due without acceleration, including accrued finance charges specified in the loan documents, and (b) payment of all outstanding municipal assessments." The notice stated that to avoid foreclosure the Hatches must tender the amount due not later than thirty days after receipt of the notice. As of May 10, 2011, the unpaid principal, interest, and fees amounted to a total obligation of $170,410.50.

[¶ 4] The Bank employee's affidavit states the following as the foundation for her factual assertions:

I have under my custody and control and/or have reviewed the records relating to the transactions between [Savings Bank of Maine] and Defendants Lewis E. Hatch, III and Kathleen Hatch (collectively, "Defendants"), which records are regularly maintained in the ordinary course of business by SBM. My knowledge of the facts set forth in this affida-

vit are derived from my personal knowledge of personal dealings with Lewis Hatch, and from these business records, which were made at or near the time of the transaction by or from information transmitted by a person with knowledge of the facts as set forth in said records.

[¶ 5] The court granted the motion for summary judgment in favor of the Bank and awarded the Bank its attorney fees and costs, reducing the fee award from $7269.40 to $6000.00 due to the Bank's motion to withdraw and then refile the summary judgment motion. The court ordered a foreclosure and sale of the property following a ninety-day redemption period, pursuant to 14 M.R.S. § 6322 (2011). The Hatches filed a timely appeal.

## II. DISCUSSION

■ [¶ 6] We use a bifurcated standard of review of a summary judgment when the issue concerns the admissibility of a business record. *Beneficial Me. Inc. v. Carter*, 2011 ME 77, ¶ 10, 25 A.3d 96. The first part of our review is focused on the business records themselves in order to determine "(1) whether competent undisputed evidence, properly referenced in the statements of material facts, supports the foundational facts required for admissibility of the asserted business records; and (2) if those facts are supported, whether the court abused its discretion in considering the evidence." *Id.* If competent undisputed evidence concerning the business records is lacking, or if the court abused its discretion in considering it, "we review de novo whether, in the absence of those records, there are sufficient undisputed facts to entitle the moving party to judgment as a matter of law." *Id.* ¶ 11.

■ [¶ 7] Rule 56(e) of the Maine Rules of Civil Procedure governs the foundational requirements for affidavits in all summary judgment motions and states that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." In cases in which the affidavit in support of summary judgment is based in part on hearsay contained in business records, Rule 803(6) of the Maine Rules of Evidence governs the admissibility of those records. "Pursuant to the Maine Rules of Evidence, a business's record of acts or events is admissible as an exception to the hearsay rule if the necessary foundation is established 'by the testimony of the custodian or other qualified witness.'" *Beneficial*, 2011 ME 77, ¶ 12, 25 A.3d 96 (quoting M.R. Evid. 803(6)). "A qualified witness is one who was intimately involved in the daily operation of the business and whose testimony showed the firsthand nature of [his or her] knowledge." *HSBC Mortg. Servs., Inc. v. Murphy*, 2011 ME 59, ¶ 10, 19 A.3d 815 (alteration omitted) (quotation marks omitted). In addition to being a qualified witness, the affiant

must aver the following standard foundational elements, some of which may already have been established through proof of the witness's qualifications:

(1) the record was made at or near the time of the events reflected in the record by, or from information transmitted by, a person with personal knowledge of the events recorded therein;

(2) the record was kept in the course of a regularly conducted business;

(3) it was the regular practice of the business to make records of the type involved; and

(4) no lack of trustworthiness is indicated from the source of information

from which the record was made or the method or circumstances under which the record was prepared. *Beneficial,* 2011 ME 77, ¶ 14, 25 A.3d 96.

[¶ 8] Here, the Bank employee's affidavit asserted facts sufficient to establish that she was intimately involved in the daily operation of the business and she showed the firsthand nature of her knowledge. *See HSBC Mortg. Servs.,* 2011 ME 59, ¶ 10, 19 A.3d 815. The Bank established all of the foundational elements required to qualify the employee to make the statements contained in the affidavit. *See Beneficial,* 2011 ME 77, ¶ 14, 25 A.3d 96. The affidavit is therefore sufficient to support the foundational facts required for the admissibility of the Bank's business records, and the court did not abuse its discretion in considering the evidence. *See id.* ¶¶ 14–16. Because the affidavit is sufficient, we need not proceed to the second part of the standard of review. *See id.* ¶¶ 10–11.

[¶ 9] We distinguish this case from *Beneficial* because in that case the affiant was not an employee of the lender. 2011 ME 77, ¶ 7, 25 A.3d 96. In *Beneficial,* we held that the affidavit of an employee of the lender's servicer was deficient because it did not provide the basis for the affiant's personal knowledge of the lender's business practices, the affiant did not purport to be the custodian of the records, and she did not explain the source of her understanding of the lender's daily operations or show firsthand knowledge of the lender's operations. *Id.* ¶ 15. Here, in contrast, the Bank employee asserts personal knowledge based on a combination of (1) custody and control over or review of her own employer's records, and (2) her personal dealings with Lewis Hatch.

[¶ 10] The Hatches' other argument is that the Bank failed to comply with the notice requirements set forth in the mortgage because the Bank did not provide sufficient detail concerning a number of issues, including which payments were missed, what obligations the Hatches had regarding upcoming property taxes and the tax escrow account at the Bank, and the date for curing the default. The Bank's notice set forth the amount due; the requirements concerning payment to correct the default; and the deadline, which was to be within thirty days after the Hatches received the notice. The mortgage provisions do not require the Bank to include in the notice the additional information that the Hatches request. *See Kondaur Capital Corp. v. Hankins,* 2011 ME 82, ¶ 19, 25 A.3d 960 ("We review the meaning of a contract de novo and interpret an unambiguous provision according to the plain meaning of its terms.")

The entry is:

Judgment affirmed.