MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2013 ME 65
Docket:        Han-12-570
Submitted
 On Briefs:    June 26, 2013
Decided:       July 9, 2013

Panel:         ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

## FIA CARD SERVICES, N.A.

v.

## ANNA M. SAINTONGE

GORMAN, J.

[¶1]  Anna M. Saintonge appeals from a summary judgment entered in the District Court (Ellsworth, *Mallonee, J.*) in favor of FIA Card Services, N.A. on FIA's complaint to recover damages for Saintonge's unpaid credit card account. Based on our de novo review of the summary judgment record, we conclude that FIA, as the moving party and party with the burden of proof at trial, has not established that there is no dispute of material fact as to each element of the cause of action.  *See Cach, LLC v. Kulas*, 2011 ME 70, ¶ 8, 21 A.3d 1015.  We vacate the summary judgment.

[¶2]  In its statement of material facts, FIA asserted that Saintonge entered into an agreement with Bank of America, N.A. to obtain a revolving line of credit on a credit card; FIA is Bank of America's successor in interest on Saintonge's

account; Saintonge charged $13,071.61 on the account; and Saintonge failed to make the required periodic payments on the account. Saintonge did not properly controvert those facts with reference to "the specific page or paragraph of identified record material supporting the assertion," M.R. Civ. P. 56(h)(4), but instead merely denied each of the statements without citation. Although a party's failure to properly controvert statements of fact generally renders those facts deemed admitted, such facts will not be deemed admitted if the statements of fact themselves are not properly supported by record references. M.R. Civ. P. 56(h)(4); *Cach, LLC*, 2011 ME 70, ¶ 9, 21 A.3d 1015.

[¶3] In support of its statements of fact, FIA cites to an affidavit from its custodian of records that in turn referred to "books and records" of the bank without actually producing those records, and to a document named "Exhibit A." We have held that an affidavit from a bank officer alone is insufficient to establish the bank's ownership of a credit card account. *Cach, LLC*, 2011 ME 70, ¶ 10, 21 A.3d 1015. Pursuant to M.R. Civ. P. 56(e), "[w]ithout a sworn or certified copy of the assignment, the summary judgment record does not support [FIA's] assertion that it was the assignee of [Saintonge's] account."[1] *Cach*, LLC, 2011 ME

---

[1] The trial court record (but not the summary judgment record) contains a printed document from the National Information Center (NIC) along with an affidavit by FIA's attorney stating that the NIC provides comprehensive information about bank events. Assuming such a document would be admissible as part of the summary judgment record, it could not be relied upon to establish FIA's ownership of Saintonge's account because, at best, it serves only to establish that FIA purchased Bank of America's interest in *some*

70, ¶ 10, 21 A.3d 1015. Although there are documents elsewhere in the trial court file purporting to be printouts of monthly account statements, none of them is marked as "Exhibit A" or otherwise incorporated into the summary judgment record.[2] *See* M.R. Civ. P. 56(h); *Cach, LLC*, 2011 ME 70, ¶ 10 n.3, 21 A.3d 1015 (stating that the court need not and may not search the record to find evidence to support an otherwise unsupported statement of material fact). Thus, FIA has failed to sufficiently establish in the summary judgment record either the existence of Saintonge's credit card account, or that FIA is the owner of that account.

[¶4] Pursuant to our clear holding in *Cach, LLC*, the summary judgment record is insufficient to support a judgment as a matter of law in favor of FIA pursuant to Rule 56. *See Cach, LLC*, 2011 ME 70 ¶ 12, 21 A.3d 1015 ("At the summary judgment stage, strict adherence to the Rule's requirements is necessary to ensure that the process is both predictable and just." (quotation marks omitted)).

---

accounts; it does not establish that FIA purchased Bank of America's interest in Saintonge's account. *See Arrow Fin. Servs., LLC v. Guiliani*, 2011 ME 135, ¶ 12, 32 A.3d 1055 (holding that a bill of sale naming the seller and purchaser banks, without reference to the particular account at issue, did not establish the bank's ownership of the account for summary judgment purposes). In any event, the NIC printout is not referenced in FIA's statements of material fact, and the court is "neither *required nor permitted* to independently search a record to find support for facts offered by a party." *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 10 n.3, 21 A.3d 1015 (quotation marks omitted).

[2] "To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." *Cach, LLC*, 2011 ME 70, ¶ 11, 21 A.3d 1015 (quotation marks omitted).

The entry is:

> Summary judgment vacated. Remanded for further proceedings.

---

**On the briefs:**

Anna Marie Saintonge, appellant pro se

Kate E. Conley, Esq., Susan J. Szwed, P.A., Portland, for appellee FIA Card Services, N.A.

Ellsworth District Court docket number CV-2011-162
FOR CLERK REFERENCE ONLY