STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-13-0245
*NM - CuM - 2/28/2014*

PEOPLE'S UNITED BANK,

Plaintiff

v.

BERMAC PROPERTIES, LLC,
et al.,

Defendants

ORDER ON MOTION FOR
SUMMARY JUDGMENT

Before the court is plaintiff People's United Bank's motion for summary judgment in a civil action, through which plaintiff seeks unpaid principle, interest, and associated costs on a promissory note. No opposition to the motion has been filed. For the following reasons, the motion is denied.

The plaintiff's motion for summary judgment is subject to Rule 56, which sets forth requirements for granting summary judgment. M.R. Civ. P. 56. Summary judgment is appropriate when review of the parties' statements of material facts and the record evidence to which the statements refer demonstrates there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. See M.R. Civ. P. 56(c); Dyer v. Dep't of Transp., 2008 ME 106, ¶ 14, 951 A.2d 821.

Summary judgment should not be granted when record evidence or necessary documentation to support a fact essential to a claim is lacking in the movant's statement of material facts, or if the documentation is not properly authenticated in the record. FIA Card Servs., N.A. v. Saintonge, 2013 ME 65, ¶ 3, 70

A.3d 1224; see M.R. Civ. P. 56(e).[1] Also, although a non-moving party's "failure to properly controvert statements of fact generally renders those facts deemed admitted, such facts will not be deemed admitted if the statements of facts themselves are not properly supported by record references." FIA Card Servs., N.A., 2013 ME 65, ¶ 2, 70 A.3d 1224; see M.R. Civ. P. 56(h)(4); Cach, LLC v. Kulas, 2011 ME 70, ¶ 9, 21 A.3d 1015.

After review, the court concludes that the requirements for summary judgment have not been met. The plaintiff has not provided the necessary documentation to establish all facts essential to the claim. FIA Card Servs., N.A., 2013 ME 65, ¶ 3, 70 A.3d 1224. The plaintiff alleges defendants owe $96,594.23 under the note and the defendants' obligations were partially satisfied by a foreclosure auction sale held pursuant to 14 M.R.S. § 6203-A. (Pl.'s S.M.F. ¶¶ 17-20, 24.) Mr. Jarvais states in his affidavit that his factual statements are based upon his "personal knowledge or [his] review of Plaintiff's records concerning loans" to the defendants. (Jarvais Aff. ¶ 1.)   He did not attach any business records to support his assertions regarding the amount due on the note or the auction sale. (Jarvais Aff. ¶¶ 18-20, 24.)

Even if the supporting affidavit had included the business records referenced by Mr. Jarvais, the records may not be considered by the court. See M.R. Civ. P. 56; M.R. Evid. 803(6). According to Rule 803(6), business records may be admissible "if the necessary foundation is established 'by the testimony of the custodian or other qualified witness.'" HSBC Mortgage Servs., Inc. v. Murphy, 2011 ME 59, ¶ 10, 19 A.3d 815 (citing M.R. Evid. 803(6)). A qualified witness is "intimately involved in the daily operation of the [business]" and the testimony must show the firsthand nature

---

[1] Rule 56(e) provides, in part, that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." M.R. Civ. P. 56(e).

of his knowledge. Id. (citing Bank of America, N.A. v. Barr, 2010 ME 124, ¶ 19, 9 A.3d 816).

In addition, on a motion for summary judgment, supporting affidavits "shall be made upon personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." M.R. Civ. P. 56(e). In his affidavit, Mr. Jarvais states the facts in the affidavit are based on his "personal knowledge or [his] review of Plaintiff's records." (Jarvais Aff. ¶ 1.) Further, he has "custody or access to such records." (Jarvais Aff. ¶ 1.) He recites the requirements of Rule 803(6) but does not provide the basis for his knowledge of the plaintiff's record keeping practices. (Jarvais Aff. 1); see Beneficial Maine Inc. v. Carter, 2011 ME 77, ¶¶ 14-16, 25 A.3d 96. The plaintiff has failed to show that Mr. Jarvais is qualified to lay the required foundation for the business records exception and to testify about the information in those records. See M.R. Civ. P. 56(e); M.R. Evid. 803(6); HSBC Mortgage Servs., Inc., 2011 ME 59, ¶ 10, 19 A.3d 815.

Finally, the plaintiff did not provide copies of all papers referred to in its supporting affidavit, as required. See M.R. Civ. P. 56(e). Mr. Jarvais refers to a mortgage executed by defendant Bermac Properties, LLC, a notice of sale document, and an affidavit pursuant to 14 M.R.S. § 6203-B and 14 M.R.S. § 6203-E. Copies of those documents have not been provided. (Jarvais Aff. ¶¶ 8, 15, 20); see M.R. Civ. P. 56(e).

Although defendants did not file an opposition to the plaintiff's motion for summary judgment or controvert the alleged amount due,[2] the factual assertions

---

[2] In their answer, defendants Michael, William, and Wendy Seymour did not admit the plaintiff's allegation about the amount due on the note and state they "do not have sufficient knowledge or

3

may not be deemed admitted because the plaintiff's assertions were not properly supported. See M.R. Civ. P. 56(h)(4); FIA Card Servs., N.A., 2013 ME 65, ¶ 2, 70 A.3d 1224; Cach, LLC, 2011 ME 70, ¶ 9, 21 A.3d 1015.

The entry is

The Plaintiff's Motion for Summary Judgment is DENIED.

Date: February 28, 2014

Nancy Mills
Justice, Superior Court

---

information . . . as to whether the amounts the Plaintiff claims due are accurate . . . ." (Defs.' Ans. ¶ 19.)

4

OF COURTS
rland County
y Street, Ground Floor
id, ME 04101

JACOB MANHEIMER ESQ
PIERCE ATWOOD
MERRILL'S WHARF
245 COMMERCIAL ST
PORTLAND ME 04101

*f*

OF COURTS
land County
Street, Ground Floor
d, ME 04101

ANDREW KULL ESQ
85 EXCHANGE ST
4TH FLOOR
PORTLAND ME 04101-5036