ENTERED JUL 2 8 2014

STATE OF MAINE
CUMBERLAND, ss

BANK OF AMERICA, N.A.,

Plaintiff

v.

PAULINE A. LAVERY,

Defendant

and

GERALD S. LAVERY, and PNC
BANK, N.A.,
        Parties-in-Interest

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-12-0014

NDM-CUM-06-06-14

ORDER ON PARTIAL
MOTION FOR SUMMARY
JUDGMENT

Before the court is plaintiff's motion for partial summary judgment. Plaintiff seeks summary judgment on counts II, III, and IV of the complaint.[1] The defendant Pauline A. Lavery and party-in-interest Gerald S. Lavery filed an opposition to plaintiff's motion. For the following reasons, the motion is denied.

The plaintiff's motion for summary judgment is subject to Rule 56, which sets forth requirements for granting summary judgment. M.R. Civ. P. 56. Summary judgment "is appropriate when review of the parties' statements of material facts and the referenced record evidence indicates no genuine issue of material fact that is in dispute and, accordingly, the moving party is entitled to judgment as a matter of law." Dyer v. Dep't of Transp., 2008 ME 106, ¶ 14, 951 A.2d 821; M.R. Civ. P. 56(c).

Summary judgment should not be granted when record evidence or necessary documentation to support a fact essential to a claim is lacking in the movant's statement of material facts, or if the documentation is not properly

---

[1] Plaintiff seeks mortgage reformation (count II), subrogation (count III), and equitable lien (count IV). (Pl.'s Compl. ¶¶ 2-4.)

authenticated in the record. See FIA Card Servs., N.A. v. Saintonge, 2013 ME 65, ¶ 3, 70 A.3d 1224; M.R. Civ. P. 56(e).[2] Also, although a non-moving party's "failure to properly controvert statements of fact generally renders those facts deemed admitted, such facts will not be deemed admitted if the statements of facts themselves are not properly supported by record references." FIA Card Servs., N.A., 2013 ME 65, ¶ 2, 70 A.3d 1224; see M.R. Civ. P. 56(h)(4); Cach, LLC v. Kulas, 2011 ME 70, ¶ 9, 21 A.3d 1015.

After review, the court concludes that the requirements for summary judgment have not been met. The plaintiff has not complied with the requirements of Rule 56. Plaintiff's statement of material facts does not include record references. See M.R. Civ. P. 56(h)(1); Pl.'s S.M.F. ¶¶ 1-20. Although defendant and party-in-interest Lavery did not include record citations in their opposing statement of facts, plaintiff did not properly support its own statement of material facts, and the assertions are, therefore, not deemed admitted. See M.R. Civ. P. 56(h)(2); FIA Card Servs., N.A., 2013 ME 65, ¶ 2, 70 A.3d 1224; Cach, LLC, 2011 ME 70, ¶ 9, 21 A.3d 1015. Further, the supporting affidavit does not include copies of all referenced documents. See M.R. Civ. P. 56(e); FIA Card Servs., N.A., 2013 ME 65, ¶ 3, 70 A.3d 1224.

Finally, plaintiff does not set forth such facts as would be admissible in evidence. See M.R. Civ. P. 56(e). The plaintiff submitted a supporting affidavit from Bradley Lown, plaintiff's counsel. No affidavit was submitted from a representative from the bank. The affidavit does not "show affirmatively that the affiant is competent to testify to the matters stated therein." M.R. Civ. P.56(e). It is unlikely,

---

[2] Rule 56(e) provides, in part, that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." M.R. Civ. P. 56(e).

2

and it has not been shown, Mr. Lown has personal knowledge of the matters discussed in his affidavit, such as the intent of the parties. Further, no foundation has been established to qualify Mr. Lown to testify about plaintiff's business records. See Lown Aff. ¶¶ 5-7; M.R. Civ. P. 56(e); M.R. Evid. 803(6); Beneficial Me., Inc. v. Carter, 2011 ME 77, ¶¶ 15-16, 25 A.3d 96; HSBC Mortg. Servs., Inc. v. Murphy, 2011 ME 59, ¶ 10, 19 A.3d 815.

The entry is

The Plaintiff's Motion for Partial Summary Judgment is DENIED.

Date: June 6, 2014

Nancy Mills
Justice, Superior Court

3