STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION Docket # CV-14-117

EMERY LEE & SONS, INC.

v.                                                    ORDER

ACADIA INSURANCE GROUP, LLC

STATE OF MAINE
Cumberland, ss, Clerk's Office

MAR 09 2016

RECEIVED

## SUMMARY

Pending are cross motions for summary judgment, Emery Lee's motion for summary judgment and Acadia's cross-motion for summary judgment. Plaintiff Emery Lee & Sons, Inc. (Emery Lee) filed a complaint for a breach of contract. Relying on the debris-removal provision in its insurance policy, Emery Lee wants Defendant Acadia Insurance Group, LLC (Acadia) to pay for the removal of the remains of its destroyed building. Emery Lee filed a motion for summary judgment and Acadia filed an opposition and a cross-motion for summary judgment. This Court denies Emery Lee's motion because Emery Lee cannot establish a breach of a material contract term. And this Court grants Acadia's cross-motion because Emery Lee failed to make a prima facie case for a breach of contract.

I. Facts.

Plaintiff Emery Lee is a Maine corporation that had a plant in Millinocket, Maine. (Pl.'s S.M.F. ¶¶1-2; Lee Aff. ¶ 3; Def.'s O.S.M.F. ¶¶ 1-2.) On March 16, 2012, fire destroyed the plant. (Pl.'s S.M.F. ¶ 3; Lee Aff. ¶ 4; Def.'s O.S.M.F. ¶ 3.) Defendant cadia Insurance Group, LLC, (Acadia) insured Emery Lee's plant. (Pl.'s S.M.F. ¶ 4;

Lee Aff. ¶ 5; Def.'s O.S.M.F. ¶ 4, as qualified.) Acadia paid the building limits under the policy, (Pl.'s S.M.F. ¶ 5; Def.'s O.S.M.F. ¶ 5, as qualified), which was $338,000. (Def.'s O.S.M.F. ¶ 5, as qualified.)

Although both parties agree that the plant was completely destroyed, portions of the destroyed plant remain that Emery Lee wants removed. (Pl.'s S.M.F. ¶¶ 3, 8, Lee Aff. ¶¶ 4, 7, Def.'s O.S.M.F. ¶¶ 4, 8.) Emery Lee wanted to dismantle and remove the remains of the destroyed plant. (Pl.'s S.M.F. ¶ 8, Lee Aff. ¶ 7, Def.'s O.S.M.F. ¶ 8.) Emery Lee received an estimate[1] of $163,000 from Ideal Recycling, Inc. (Ideal Recycling) to remove the remains. (Pl.'s S.M.F. ¶ 9, Lee Aff. ¶ 8, Def.'s O.S.M.F. ¶ 9, objected, qualified.) The estimate began with the heading, "[C]ost for Demo of Concrete Plant." (Lee Aff. ¶ 8, Exhibit 3.) Ideal Recycling listed the various tasks covered in the estimate, such as "Demo of all Foundations," "Removal of Demo Debris," "Take Wall down," "Cutting up of Steel," and "Haul Away." (Lee Aff. ¶ 8, Exhibit 3.) Acadia has refused to pay for this removal. (Pl.'s S.M.F. ¶ 6, Lee Affidavit ¶ 6, Def.'s O.S.M.F. ¶ 6.)

"Debris removal" is covered by Section A.4.a of the insurance policy:

(1) Subject to Paragraphs (3) and (4), we will pay your expense to remove debris of Covered Property caused by or resulting from a Covered Cause of Loss that occurs during the policy period. The expenses will only be paid if they are reported to us in writing within 180 days of the date of direct physical loss or damage.
...
(3) Subject to the exceptions in Paragraph (4), the following provisions apply:
    (a) The most we will pay for the total of direct physical loss or damage plus debris removal expense is the Limit of Insurance applicable to the Covered Property that has sustained loss or damage.

---

[1] Emery Lee included the estimate as Exhibit 3 to Darin Lee's affidavit. (Pl.'s S.M.F. ¶ 8.)

    (b) Subject to (a) above, the amount we will pay for debris removal expense is limited to 25% of the sum of the deductible plus the amount that we pay for direct physical loss or damage to the Covered Property that has sustained loss or damage.

(4) We will pay up to an additional $250,000 for debris removal expense, for each location in any one occurrence of physical loss or damage to Covered Property, if one or both of the following circumstances apply:

    (a) The total of actual debris removal expense plus the amount we pay for direct physical loss or damage exceeds the Limit of Insurance on the Covered Property that has sustained loss or damage.

    (b) The actual debris removal expense exceeds 25% of the sum of the deductible plus the amount that we pay for direct physical loss or damage to the Covered Property that has sustained the loss or damage.

Therefore, if (4)(a) and/or (4)(b) apply, our total payment for direct physical loss or damage and debris removal expenses may reach but will never exceed the Limit of Insurance on the Covered Property that has sustained the loss or damage, plus $250,000.

(Pl.'s S.M.F. ¶ 10; Def.'s O.S.M.F. ¶ 10.)

II. Procedural history.

On March 17, 2014, Emery Lee filed a complaint for breach of contract against Acadia. On April 15, 2014, Acadia filed an answer to Emery Lee's complaint. On April 21, 2015, Emery Lee filed a motion for summary judgment, a statement of material facts, and a request for a non-testimonial hearing.[2] Emery Lee's statement of material facts included Darin B. Lee's affidavit as Exhibit A. On May 12, 2015, Acadia filed an objection to Emery Lee's motion for summary judgment and a cross-motion for summary judgment in the same document. Acadia also filed an opposition to Emery Lee's statement of material facts. On June 3, 2015, Emery Lee

---

[2] On the same day, Emery Lee explained in a cover letter that earlier versions of its motion challenged two areas of coverage: debris removal and code coverage, and withdrew the code-coverage claim. (Pl.'s cover letter from April 21, 2015.)

filed an opposition to Acadia's cross-motion for summary judgment, which included a copy of Keith Drost's affidavit. On June 10, 2015, Acadia filed a reply in support of its cross-motion for summary judgment.

III. Standard of review.

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the [fact finder] must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

When there are cross-motions for summary judgment, the rules for consideration of summary judgment are applied separately to each motion. *F.R. Carroll, Inc., v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646. Courts analyze each motion separately to give the opposing party the benefit of any reasonable inferences that can be drawn from the presented facts. *Id.* ¶ 8. As a result, this Court separately evaluates Emery Lee's Motion for Summary Judgment and Acadia's Cross-Motion for Summary Judgment.

IV. Emery Lee's motion for summary judgment.

Emery Lee stated that its insurance policy covered debris removal. Emery Lee argued that its building was destroyed, as shown by Acadia's decision to pay the

4

building's insurance limit. Emery Lee concluded that the building's remains are debris, so the plain meaning of the policy covers removing the building's remains, even if the remains are not merely lying on the ground.

When the plaintiff is the moving party on a motion for summary judgment, the plaintiff has the burden to demonstrate that each element of its claim is established without dispute as to material fact within the summary-judgment record. *North Star Capital Acquisition, LLC v. Victor*, 2009 ME 129, ¶ 8, 984 A.2d 1278. Emery Lee filed a complaint for a breach of contract. The elements of a breach of contract are breach of a material contract term, causation, and damages. *See Maine Energy Recovery Co. v. United Steel Structures, Inc.*, 1999 ME 31, ¶¶ 7-8, 724 A.2d 1248.

A. Material contract term: actual debris removal expense.

The parties argue about two material contract terms: "debris removal" and "actual debris removal expense." Addressing "debris removal," Emery Lee argued that the debris-removal provision covers the removal of the building's remains. Acadia argued that the provision covers the removal of the remains as they existed immediately following the fire, but the removal does not include costs for any further demolition of the remaining portions. This Court does not need to determine what the debris-removal provision covers because, even under Emery Lee's interpretation, Emery Lee has not demonstrated another material contract term: actual debris removal expense.

Emery Lee did not address the meaning of "actual debris removal expense" under Section A.4.a (4)(a) of the insurance policy in its motion for summary

5

judgment, but Emery Lee needed to do so because "actual debris removal expense" is a material contract term and an element of Emery Lee's breach-of-contract claim. In Acadia's Opposition to Emery Lee's motion for summary judgment and Acadia's Cross-Motion for Summary Judgment, Acadia argued that debris removal damages are not covered unless Emery Lee provided proof of actual debris removal and the costs expended to remove the debris. Acadia highlighted that Emery Lee provided an estimate only. In a reply, Emery Lee argued that the plain meaning of the policy does not require actual expense and the provision merely establishes the circumstances under which debris removal coverage becomes available. Moreover, Emery Lee argued that the policy used similar language in another provision under which Acadia already paid Emery Lee. To resolve this dispute, this Court must determine whether Emery Lee must establish actual debris-removal expenses before Acadia reimburses Emery Lee under Section A.4.a (4)(a) of the insurance policy.

"Determining whether or not a contract is ambiguous is a question of law." *Am. Prot. Ins. Co. v. Acadia Ins. Co.*, 2003 ME 6, ¶ 11, 814 A.2d 989 (citations omitted). "Contract language is ambiguous when it is reasonably susceptible of different interpretations." *Am. Prot. Ins. Co. v. Acadia Ins. Co.*, 2003 ME 6, ¶ 11, 814 A.2d 989 (citations omitted). If the language of the policy is ambiguous, courts "construe it against the insurer and liberally in favor of the insured, but in that case, summary judgment may not be granted because an unresolved factual issue, *i.e.*, the intent of the parties, remains for the trier of fact." *Dickau v. Vt. Mut. Ins. Co.*, 2014 ME 158 ¶ 13, 107 A.3d 621 (quotations and citations omitted).

6

If a court determines that the contract is unambiguous, then its interpretation is also a question of law. *Am. Prot. Ins. Co. v. Acadia Ins. Co.*, 2003 ME 6, ¶ 11, 814 A.2d 989 (citations omitted). "The interpretation of an unambiguous contract 'must be determined from the plain meaning of the language used and from the four corners of the instrument without resort to extrinsic evidence." *Am. Prot. Ins. Co. v. Acadia Ins. Co.*, 2003 ME 6, ¶ 11, 814 A.2d 989 (citations omitted).

Section A.4.a (4)(a) of the insurance policy states:

> (4) We will pay up to an additional $250,000 for debris removal expense, for each location in any one occurrence of physical loss or damage to Covered Property, if on or both of the following circumstances apply:
> (a) The total of the actual debris removal expense plus the amount we pay for direct physical loss or damage exceeds the Limit of Insurance on the Covered Property that has sustained loss or damage.

(Pl.'s S.M.F. ¶ 10; Def.'s O.S.M.F. ¶ 10.)

To resolve this issue, this Court must define "actual debris removal expense." "Actual" means "existing in fact and not merely potentially" and "existing in fact or reality." Merriam-Webster Online Dictionary, Full Definition of "actual," http://www.merriam-webster.com/dictionary/actual (last visited Feb. 4, 2016); *see also* Black's Law Dictionary 35 (7th ed. 1999)(defining "actual" as "existing in fact; real"). "Expense" is "the act or an instances of expending: expenditure," "something expended to secure a benefit or bring about a result," and "financial burden or outlay: cost." Merriam-Webster Online Dictionary, Full Definition of "expense," http://www.merriam-webster.com/dictionary/expense (last visited Feb. 4, 2016); *see also* Black's Law Dictionary 598 (7th ed. 1999)(defining "expense" is "[a]n

7

expenditure of money, time, labor, or resources to accomplish a result; esp., a business expenditure chargeable against revenue for a specific period"). "Expend" means "to pay out: spend." Merriam-Webster Online Dictionary, Full Definition of "expend," http://www.merriam-webster.com/dictionary/expend (last visited Feb. 4, 2016). Based on plain meaning, an "actual debris removal expense" means an existing pay out.

Looking at the four corners of the policy, no other clause changes the plain meaning. Emery Lee argued that it should get paid without an actual expense because it received payment under another provision of the policy in Section A that uses similar language of "we will pay": "We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." (Building and Personal Property Coverage Form at 1.) But Emery Lee's argument is unpersuasive because the "we will pay" language in Section A.4.a (4)(a) has a condition precedent: actual debris removal expense.

Emery Lee also argued that the actual debris removal expense provision does not exist to determine the amount Acadia must pay, but merely establishes the circumstances for when debris removal coverage becomes available. Even under Emery Lee's interpretation, debris removal coverage is unavailable until the policyholder establishes an actual debris removal expense.

Based on the plain language and the four corners of the insurance policy, an insured is required to demonstrate the insured paid for debris removal before recovering under Section A.4.a (4)(a) of this insurance policy. Specifically, this

8

Court finds that Emery Lee must pay for debris removal before Acadia reimburses Emery Lee under Section A.4.a (4)(a).

B. Emery Lee has not shown actual debris removal expense.

Emery Lee has not established a prima facie case that it has complied with Section A.4.a (4)(a) of this insurance policy. Ideal Recycling provided an estimate of $163,000 to remove the remains of the plant and Emery Lee provided affidavits from Darin B. Lee and Keith Drost to support it. Neither the estimate nor the affidavits establish a prima facie case for actual debris removal expense.

If record evidence or necessary documentation to support a fact essential to a claim is lacking in the statement of material facts, or if documentation is insufficiently authenticated in the record referenced in the statement of material facts, summary judgment must be denied. *See FIA Card Servs. v. Saintaonge*, 2013 ME 65, ¶ 2-3, 70 A.3d 1224; *see also Cach LLC v. Kulas, 2011 ME 70*, 2011 ME 70, ¶¶ 11-12, 21 A.3d 1015. Documents that are unaccompanied by an authenticating affidavit based on personal knowledge under Maine Rule of Civil Procedure 56(e) should not be considered for purposes of summary judgment. *See Cach*, 2011 ME 70, ¶ 11, 21 A.3d 1015.

Neither Lee's nor Drost's affidavit supports Ideal Recycling's estimate. Lee's affidavit does not provide any foundational facts to support the admissibility of Ideal Recycling's estimate. Lee lacks the personal knowledge of estimate's creation. Lee shows that Emery Lee received the estimate, but does not provide any facts that authenticate the estimate. Thus, Lee's affidavit fails to establish the necessary foundation for admitting the estimate.

9

Emery Lee provided Drost's affidavit to admit the estimate through the business-records exception of the hearsay rule. "[A] business's record of acts or events is admissible as an exception to the hearsay rule if the necessary foundation is established by the testimony of the custodian or other qualified witness." *Bank of Me. v. Hatch*, 2012 ME 35, ¶ 7, 38 A.3d 1260 (quotations and citations omitted); *see also* M.R. Evid. 803(6). "A qualified witness is one who was intimately involved in the daily operation of the business and whose testimony showed the firsthand nature of [his or her] knowledge." *Hatch*, 2012 ME 35, ¶ 7, 38 A.3d 1260 (citation omitted).

Emery Lee has not shown that Drost was the custodian of records for Ideal Recycling or that he was a qualified witness to establish the necessary foundation for the estimate. Drost stated he had under his "custody and control" a copy of the estimate, which shows that he had a copy of the estimate, but that does not show that he is a custodian of documents at Ideal Recycling. This is not enough to show that Drost was intimately involved in the daily operation of Ideal Recycling or that he had firsthand knowledge of the creation of the estimate.

Emery Lee does not have any other evidence to authenticate Ideal Recycling's estimate. Without an authenticating affidavit complying with Rule 56(e), this Court cannot consider Ideal Recycling's estimate in ruling on Emery Lee's motion for summary judgment. Consequently, Emery Lee has not established a prima facie case for actual debris removal expense under Section A.4.a (4)(a) of this insurance policy, so this Court denies Emery Lee's motion for summary judgment.

V. Acadia's cross-motion for summary judgment.

10

Acadia filed a cross-motion for summary judgment. Cross motions for summary judgment do not warrant the grant of summary judgment *per se*. To withstand a motion for a summary judgment, the plaintiff must establish a prima facie case for each element of its cause of action that the defendant challenged. *Coffin v. Lariat Assocs.*, 2001 ME 33, ¶ 7, 766 A.2d 1018. If a plaintiff does not present sufficient evidence on the challenged elements, then the defendant is entitled to a summary judgment. *See Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897 (citation omitted).

Acadia argued that that the Policy required Emery Lee to establish actual debris removal expense and Emery Lee failed to do so. As explained above, the Policy required actual debris removal expense before Section A.4.a (4)(a) applied. Emery Lee failed to provide sufficient evidence to establish a prima facie case. Emery Lee merely provided an estimate of the expense and not the actual expense. The estimate is not enough to satisfy this material contract term. Emery Lee failed to make a prima facie case for this element, so Acadia is entitled to summary judgment. Consequently, this Court grants Acadia's cross-motion.

VI. The entry shall be.

11

Emery Lee's Motion for Summary Judgment is DENIED. Acadia's Cross-

Motion for Summary Judgment is GRANTED. The Clerk is direct to incorporate this

Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

March 9, 2016

Joyce A. Wheeler, Active-Retired Justice
Maine Superior Court

DOCKETED
3/10/16
mc

12