STATE OF MAINE
AROSTOOK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-62

WBL SPE II, LLC,

    Plaintiff

v.

PROFESSIONAL HOME CARE
SPECIALISTS, LLC,
RANDOLPH S. MICHAUD and
LISA R. MICHAUD,

    Defendants

ORDER ON MOTION FOR SUMMARY
JUDGMENT

The matter before the court is Plaintiff WBL SPE II, LLC's ("WBL") motion for summary judgment against Defendants Professional Home Care Specialists, LLC ("PHCS"), Randolph S. Michaud and Lisa R. Michaud ("the Michauds").

Factual Background

The following facts are drawn from WBL's statement of material facts. As PHCS and the Michauds failed to file responses to each material fact in conformance with M.R. Civ. P. 56(h)(4), those facts are deemed admitted for the purposes of this motion where they are adequately supported by record citations.

On December 19, 2017, PHCS executed and delivered to World Business Lenders, LLC ("World Business Lenders") a commercial promissory note ("the Note") for $25,000. (Supp.'g S.M.F. ¶ 1.) On the same date, the Michauds executed a continuing guaranty on the note. (Supp.'g S.M.F. ¶ 5.) This note was secured by a mortgage ("the Mortgage") on the real estate located at 1086 Mapleton Road a/k/a Presque Isle Road, Mapleton, Aroostook County, Maine.

1

(Supp.'g S.M.F. ¶ 6.) The mortgage was recorded in Book 5736, Page 74 of the Aroostook South County Registry of Deeds. (Supp.'g S.M.F. ¶ 7.)

After three proper endorsements, WBL is the current owner of the Note. (Supp.'g S.M.F. ¶ 3.) The Mortgage has also been assigned to WBL by written assignments recorded in the Aroostook South County Registry of Deeds 5779, Page 326 and Book 5808, Page 91. (Supp.'g S.M.F. ¶ 10.) World Business Lender remains the servicer of the Note and Mortgage. (Supp.'g S.M.F. ¶ 13.)

On or about August 31, 2018, Notice of Mortgagors right to cure were sent to the Michauds at their last known address. (Supp.'g S.M.F. ¶ 14.) Mediation was completed on or around January 29, 2020. (Counsel's Aff. ¶ 9.)

Procedural Background

WBL filed its complaint August 22, 2019. PHCS and the Michauds answered September 30, 2019. This motion for summary judgment was filed July 13, 2020. PHCS and the Michauds replied on August 14, 2020, but did not include a valid response to WBL's statement of material facts.

Standard

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. City Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). "Facts contained in a supporting or opposing statement of material facts, if supported

2

by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4). In order to controvert an opposing party's factual statement, a party must "support each denial or qualification by a record citation." M.R. Civ. P. 56(h)(2). Assertion of material facts must be supported by record references to evidence that is of a quality that would be admissible at trial." *HSBC Mortg. Servs. v. Murphy*, 2011 ME 59 ¶ 9, 19 A.3d 815.

Courts apply summary judgment rules strictly in foreclosure actions. *Camden Nat'l Bank v. Peterson*, 2008 ME 85, ¶ 11, 948 A.2d 1251.

Discussion

For a judgement of foreclosure to be granted, eight elements are required:

(1) the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any;

(2) properly presented proof of ownership of the mortgage note and [evidence of the mortgage note and] the mortgage, including all assignments and endorsements of the note and mortgage;

(3) a breach of condition in the mortgage;

(4) the amount due on the mortgage note, including any reasonable attorney fees and court costs;

(5) the order of priority and any amounts that may be due to other parties in interest, including any public utility easements;

(6) evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements;

3

(7) after January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules; and

(8) if the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act.

*Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

WBL relies solely on a printout of records maintained by the servicer and originator of the mortgage, World Business Lenders, to establish that PHCS breached the terms of the mortgage. (Pl.'s S.M.F. ¶ 16.) While WBL does not explicitly raise the argument, this court assumes that they believe this printout falls within the business records exception to the hearsay rule.

Hearsay, or "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," M.R. Evid. 801(c), is inadmissible unless provided by law or the Maine Rules of Evidence. A business record is an exception to this rule if the necessary foundation is established "by the testimony of the custodian or other qualified witness." M.R. Evid. 803(6). To satisfy this requirement, the witness must be a person "who was intimately involved in the daily operation of the business and whose testimony showed the firsthand nature of his or her knowledge." *Bank of Me. v. Hatch*, 2012 ME 35, ¶ 7, 38 A.3d 1260 (citation omitted).

A witness so qualified must then lay the foundation for the admission of the record itself. To do so, they must establish that:

> (1) the record was made at or near the time of the events reflected in the record by, or from information transmitted by, a person with personal knowledge of the events recorded therein;

4

(2) the record was kept in the course of a regularly conducted business;

(3) it was the regular practice of the business to make records of the type involved; and

(4) no lack of trustworthiness is indicated from the source of information from which the record was made or the method or circumstances under which the record was prepared.

*Id.*

WBL proffers the affidavit of World Business Lenders' Vice President, John Murphy, as their witness to lay foundation for the admission of the printout of World Business Lenders' records. Murphy states his qualifications as follows:

> I have been employed at World Business Lenders, LLC for the past 10 months. In the normal course of my duties I review the records relating to mortgage payments made by mortgagors of loans held by WBL SPE II, LLC to determine whether said mortgagors are current or in default in relation to the note and mortgage.

(Murphy Aff. ¶ 2.)

This court is unable to conclude from Murphy's affidavit alone that he had adequate firsthand knowledge of the records to lay the foundation required under the business records exception. Specifically, Murphy only states that he reviewed the records regularly, he did not offer statements that would allow this court to conclude that he was familiar with the process by which the records were originated and maintained. Therefore, the court cannot conclude on the facts before it that Murphy had adequate firsthand knowledge of the records to establish that the records were made "at or near the time of the events reflected in the record" nor that they contain information from "a person with personal knowledge of the events recorded therein." *Hatch*, 2012 ME 35, ¶ 7, 38 A.3d 1260.

Additionally, Murphy does not offer sufficient grounds to conclude that the records are accurate. Firstly, his affidavit does not indicate adequate firsthand knowledge to do so. Even if it had, however, the affidavit offers no indication of "how the Bank's payment records are created,

5

checked for accuracy, or accessed, or that that her review of the records showed that the proper processes for creating, checking for accuracy, or accessing were followed in this case." *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89 ¶ 27, 96 A.3d 700. Thus, the "factual foundation necessary to admit the document as a business record was inadequate." *Id.*

Murphy may be able to lay adequate foundation for these documents at trial. However, based on the facts before the court at this stage, he has not. The court cannot consider these documents and must find that there remains a genuine issue of material fact as to breach.

As for the amount due, WBL refers to the affidavit of counsel, the continuing guarantee agreement, the mortgage terms, and a printout of World Business Lenders' records to establish the amount due. (Pl.'s S.M.F. ¶¶ 17-20.) For the above-mentioned reasons, notwithstanding PHCS and the Michauds failure to file a proper response to the statement of material facts, but because requirements for foreclosure in summary judgment proceedings are strictly applied, World Business Lenders' records may not be considered by the court based on the facts in the record. Therefore, the court finds that there also remains a genuine issue of material fact as to the amount due.

The entry is

> Defendant WBL SPE II, LLC's Motion for Summary Judgment is DENIED.

> The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: October 6, 2020

Harold Stewart, II
Justice, Superior Court