STATE OF MAINE                                                 SUPERIOR COURT
CUMBERLAND, ss                                        CIVIL ACTION
                                                        PORSC-RE-21-55

**BAR HARBOR BANK & TRUST,**

    Plaintiff,

    v.

**TRUONG VO and CHRISTA VO,**                         **ORDER DENYING**
                                                **PLAINTIFF'S MOTION**
    Defendants,                                    **FOR SUMMARY**
                                                  **JUDGMENT**
    and

**INFINITY FEDERAL CREDIT UNION,**
**HAROLD H. BEEBE, JR., NANCY A.**
**BEEBE, and STATE OF MAINE, MAINE**
**REVENUE SERVICES,**

    Parties-in-interest

Before the court is a Motion for Summary Judgment by Plaintiff Bar Harbor Bank &

Trust ("Bank") on its action for foreclosure and sale of real property owned by Defendants

Truong and Christa Vo. For the following reasons, the court denies Plaintiff's Motion.

**Legal Standard**

Summary judgment is granted to a moving party when no genuine issue as to any

material fact exists such that the movant is entitled to judgment as a matter of law. M.R. Civ. P.

56(c). A material fact is a fact capable of affecting the outcome of the case, and a genuine issue

exists when sufficient evidence allows a factfinder to choose between competing versions of

fact. *Stewart-Dore v. Webber Hosp. Ass'n*, 2011 ME 26, ¶ 8, 13 A.3d 773. The record is viewed

STATE OF MAINE
Cumberland ss. Clerk's Office

1

RECEIVED

in the light most favorable to the non-moving party. *Mahar v. StoneWood Transp.*, 2003 ME 63, ¶ 8, 823 A.2d 540. The Law Court has emphasized that summary judgment rules for residential mortgage foreclosure actions must be applied strictly. *HSBC Mortg. Servs. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815.

For a mortgage holder to prevail on a summary judgment motion in a residential foreclosure action, the following must appear in the statement of material facts, supported by evidence that could be admissible at trial:

> (1) The existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any;
> (2) Properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage;
> (3) A breach of condition in the mortgage;
> (4) The amount due on the mortgage note, including any reasonable attorney fees and court costs;
> (5) The order of priority and any amounts that may be due to other parties in interest, including any public utility easements;
> (6) Evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements;
> (7) After January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules; and
> (8) If the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act.

*HSCA Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 10, 28 A.3d 1158; *see also* M.R. Civ. P. 56(j).

**Discussion**

Plaintiff's Statement of Material Facts fails to satisfy the requirements listed above.[1]

---

[1] As a threshold issue, Plaintiff argues that the Opposition to Motion for Summary Judgment was signed only by Christa Vo and therefore summary judgment should be granted without opposition against Truong Vo. Instead, any failure of Truong Vo to oppose the summary judgment motion is not dispositive because Plaintiff failed to meet its burden on summary judgment. *Gabay*, 2011 ME 101, ¶ 7 n.7, 28 A.3d 1158 (requiring that "the trial court examine the merits of the plaintiff's materials filed in support of summary judgment regardless of any inadequacies in a defendant's opposition to summary judgment.")

2

Notably, Plaintiff does not establish that the Mortgage and Note are evidence of a type that could be admissible at trial. *See Gabay*, 2011 ME 101, ¶ 10, 28 A.3d 1158. Often, plaintiffs in foreclosure cases admit a mortgage and note into evidence through the "business records" exception to the hearsay rule, M.R. Evid. 803(6), and it appears that Plaintiff attempts to do so here. The exception requires of a record of an act, event, condition, opinion, or diagnosis that

> (A) The record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) The record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) Making the record was a regular practice of that activity; (D) All these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11), Rule 902(12) or with a statute permitting certification; and (E) The opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

*Gabay*, 2011 ME 101, ¶ 10, 28 A.3d 1158.

Plaintiff has failed to show that the Mortgage and the Note should be admitted as hearsay exceptions. The attached Affidavit of Mary Jo Fowler states that the affiant, in her professional capacity at the Bank, has access to and custody of records kept in the ordinary course of business of the Bank and that the Fowler Affidavit was made after review of business records. Fowler Aff. ¶¶ 1-2. However, it never identifies the Mortgage or the Note as business records nor does it provide enough foundation to qualify them as such. The Affidavit fails to provide facts that could support a finding that the records contain information from "a person with personal knowledge of the events recorded therein." *Bank of Me. v. Hatch*, 2012 ME 35, ¶ 7, 38 A.3d 1260 (a qualified witness is "intimately involved in the daily operation of the business" and shows "the firsthand nature of [his or her] knowledge"). The Fowler Affidavit contains only a bare assertion that it was made based on Fowler's personal knowledge. Conclusory assertions do not substitute for a showing of personal knowledge. *Spickler v. Greenberg*, 586 A.2d 1232, 1234 (Me. 1991).

The court concludes that Plaintiff has failed to show the Mortgage and Note are evidence of a type that would be admissible at trial and failed to show that it owns the Note and Mortgage. Having found that Plaintiff has not provided admissible evidence necessary to succeed on its Summary Judgment Motion, the court declines to engage further analysis and denies the Motion.

The entry is:

Plaintiff's Motion for Summary Judgment is DENIED.

The clerk may enter this order on the docket by reference. M.R. Civ. P 79(a).

Date: 11/30/22

_____
Justice, Maine Superior Court

Entered on the Docket: 12/12/2022

4